453 So.2d 428 (1984)
George W. BRANNEN, Appellant,
v.
STATE of Florida, Appellee.
No. AU-469.
District Court of Appeal of Florida, First District.
June 21, 1984.
Michael E. Allen, Public Defender, and Charlene V. Edwards, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Andrea Smith Hillyer, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Brannen was charged with two counts of battery on a law enforcement officer and one count of resisting an officer with violence. He was convicted of the lesser offense of simple battery on each of the battery on law enforcement officer counts and the lesser offense of resisting an officer without violence on the other count. We affirm the two simple battery convictions but reverse the resisting conviction.
The offense of resisting an officer, either with or without violence, requires, as an essential element, that the officer be engaged "in the execution of legal process or in the lawful execution of any legal duty."[1] The information charged that the resisting occurred as the officer was engaged "in the lawful execution of a legal duty, to wit: making a lawful arrest of George W. Brannen for a misdemeanor, to wit: disorderly intoxication."
Counsel for the defendant requested that the court define for the jury the offense of disorderly intoxication and submitted an instruction which set forth the elements of that misdemeanor. The defendant was seeking to defend on the basis that the state had failed to prove the above referred element which was essential to make a case of resisting. More particularly, the defendant's position was that he had not committed the offense of disorderly intoxication in the presence of the officer and that, absent *429 legal process, an arrest for such misdemeanor may be made only when it is committed in the presence of the officer.
The trial court denied the requested jury instruction. Such denial was error. In Smith v. State, 399 So.2d 70 (Fla. 5th DCA 1981), the court correctly noted:
An essential element of the offense under Count Three was that the arresting officers were engaged "in the execution of legal process or in the lawful execution of any legal duty." See § 843.01, Fla. Stat. (1979). The lawful duty requirement was an essential element to be shown by the prosecution and subject to jury determination, applying the reasonable doubt criterion. Licata v. State, 156 Fla. 692, 24 So.2d 98 (1945); Lee v. State, 368 So.2d 395 (Fla. 3rd DCA 1979), cert. denied, 378 So.2d 349 (Fla. 1979).
399 So.2d at 71.
The state, however, argues that the following portion of the standard jury instructions[2] under Section 843.01 and 843.02 requires a contrary result:
The court further instructs you that (read duty being performed from charge) constitutes [execution of legal process] [lawful execution of a legal duty].
The state then points to the court's following instruction:
The court further instructs you that the arresting of a person for the misdemeanor of [disorderly] intoxication constitutes a lawful execution of a legal duty.
The state says that the defendant was entitled to no more than the above instruction. We disagree and hold that the trial court erred in not affording the defendant the opportunity of having the jury determine the question of whether this particular arrest for disorderly intoxication was lawful. In order for the jury to make such determination, it must, of course, be informed of the definition of the offense, in this instance disorderly intoxication.
We have considered the other points raised by appellant and find them to be without merit. The judgments are affirmed with respect to the simple battery counts, but the judgment on the third count is reversed and the case is remanded for a new trial on the charge of resisting without violence.
BARFIELD, J., concurs.
THOMPSON, J., dissents without opinion.
NOTES
[1] Sections 843.01 and 843.02, Florida Statutes (1981).
[2] Standard Jury Instructions in Criminal Cases (1981 Edition), pp. 195 and 196.