496 So.2d 919 (1986)
Vetus McCRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 86-516.
District Court of Appeal of Florida, Second District.
October 24, 1986.
Richard M. Rocha, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
McCray was arrested by officers who stopped his car and learned through their computer that there was an outstanding capias for his arrest. A search conducted incident to the arrest revealed contraband, which McCray subsequently moved to suppress on the ground that the initial arrest was invalid. The trial court denied the suppression motion; we affirm.
The capias upon which the defendant was arrested was issued by a county court when McCray failed to appear on charges that he sold alcoholic beverages without a license. That charge was a duplicate of an information that had been disposed of in an earlier proceeding. After the arrest and search now in contention, the prosecutor nol-prossed the erroneously filed duplicative information. The defendant contends that because the capias was mistakenly issued, his arrest was invalid, and hence any fruits of that arrest should be suppressed. We disagree.
The officers who learned of the outstanding capias had no discretion to do anything but arrest McCray. This case is analogous in principle to Michigan v. DeFillippo, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979), in which a search incident to an arrest was upheld even though the ordinance the defendant allegedly violated was subsequently declared unconstitutional. The arrest was valid because a "prudent officer, in the course of determining whether respondent had committed an offense ..., should not have been required to anticipate that a court would later hold the ordinance unconstitutional." 443 U.S. at 37-38, 99 S.Ct. at 2632, 61 L.Ed.2d at 350.
Similarly, the officers in this case could not have known that the capias might later be declared invalid. The subsequent termination of the charges in the second information in no way affected the lawfulness of the arrest. Accordingly, the order denying suppression of the evidence is affirmed.
LEHAN, A.C.J., and SANDERLIN, J., concur.