WENTWORTH, Judge.
Appellant seeks review of a February 5, 1988 order entered pursuant to his nolo contendere plea in the circuit court for Es-cambia County, by which the court withheld adjudication of guilt on a possession of cocaine charge and placed him on probation for five years. We affirm, finding no reversible error in the denial of motion to suppress evidence seized pursuant to an arrest.
Appellant was arrested after a deputy sheriff noticed there was an expired license *935 tag on his vehicle, a red Mercedes. The officer radioed for a theft report on the vehicle and for backup. Appellant did not have a vehicle registration paper and the officer was informed that the tag was registered to a 1982 Mercury vehicle. The officer then ran a local warrants check on appellant which revealed an outstanding warrant for his arrest. Meanwhile another officer conducted a search of the vehicle but did not see any contraband. When the officer informed appellant that there was an outstanding warrant for his arrest, and attempted to arrest him, appellant ran and was pursued, subdued and handcuffed. The officers again searched the car and noticed in plain view under the clear floor mat on the driver’s side a “tube of possibly cocaine or white powder.” The officers lifted the floor mat to more closely examine what turned out to be a vial containing a small amount of cocaine. The officer did not learn until he arrived at the jail that the outstanding warrant on appellant had been issued due to appellant’s failure to pay a handicapped parking violation. At the hearing on appellant’s motion to suppress appellant testified that he had paid that parking fine prior to September 6,1987, the day of the arrest. The state provided no evidence to rebut appellant’s testimony regarding his payment of the fine. Following the appeal of this case, the state filed a “Motion for Court to Take Judicial Notice,” and submitted evidence that appellant had not paid the fine until September 21, 1987, which was after the date of his arrest. This court denied the motion.
Following the initial lawful stop of the car in this case (Kehoe v. State, 521 So.2d 1094 (Fla.1988); Bascoy v. State, 424 So.2d 80 (Fla. 3d DCA 1982)), the first search did not reveal contraband and is not of critical significance to our review. The officer then arrested appellant on the basis of the outstanding warrant, and a search was conducted subsequent to the arrest. The warrant for appellant’s arrest had been issued after appellant failed to respond to requests for payment of a fine. Because there was no police misconduct shown, no stipulation by the parties that the information received by radio was erroneous, and a warrant for appellant’s arrest had been duly issued, the arrest would not appear to have been improper. The ensuing search was therefore justifiable as subsequent to the arrest. McCray v. State, 496 So.2d 919 (Fla. 2d DCA 1986); cf., Albo v. State, 477 So.2d 1071 (Fla. 3d DCA 1985).
Appellant also relies upon section 901.16, Florida Statutes (1987), which provides:
A peace officer making an arrest by a warrant shall inform the person to be arrested of the cause of arrest and that a warrant has been issued, except when the person fleas or forcibly resists before the officer has an opportunity to inform him, or when giving the information will imperil the arrest, (emphasis supplied)
Decisions in Florida and in other jurisdictions indicate a standard of substantial compliance with arrest statutes such as section 901.16. City of Miami v. Nelson, 186 So.2d 535 (Fla. 3d DCA 1966), cert. denied 194 So.2d 621 (Fla.1966) (fact that a person to be arrested is not informed of the cause of the arrest until subsequent thereto does not necessarily deprive him of his rights); United States v. Robinson, 325 F.2d 391 (2d Cir.1963) (substantial compliance test, eschewing a “ritualistic” approach); Holt v. State, 357 P.2d 574 (Okl.Cr.1960), cert. denied 366 U.S. 716, 81 S.Ct. 1659, 6 L.Ed.2d 846 (1961) (mere failure of an officer to expressly inform of cause of arrest will not render arrest illegal where a person arrested knew officer and knew he was acting in official capacity); People v. Maddox, 46 Cal.2d 301, 294 P.2d 6 (1956), cert. denied 352 U.S. 858, 77 S.Ct. 81, 1 L.Ed.2d 65 (1956) (failure to inform of cause of arrest is unrelated and collateral to the securing of evidence incident to the arrest).
In this case, appellant was informed that there was a warrant outstanding for his arrest, and the officer did not then know the specific “cause” for the warrant. There was compliance with the provision of section 901.16 which requires the officer to inform the person being arrested that a *936 warrant has been issued. We conclude that the fact that appellant was not informed as to the grounds for issuance of the warrant was ultimately unrelated to the search and seizure conducted subsequent to the arrest.
Affirmed.
ERVIN and ZEHMER, JJ., concur.