# BUTLER v STATE OF FLORIDA
## Case No. 89-71-AP
Fourth Judicial Circuit, Duval County

May 25, 1990

### APPEARANCES OF COUNSEL

**James T. Miller, Esquire,** Assistant Public Defender, for appellant.
**Donna M. Gregory, Esquire,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

LAWRENCE D. FAY, Circuit Judge.

This cause is before the Court on appeal from the Judgment and Sentence dated October 4, 1989, which was entered pursuant to a jury verdict finding the defendant guilty of a breach of the peace as charged in the information, and guilty of obstructing or opposing a police

officer without violence as charged in the information. The errors alleged to have been committed by the trial court are as follows:

I. The trial court erred in permitting the State to exercise peremptory challenges based on race because the court applied the wrong test (systematic pattern of exclusion) in evaluating juror challenges based on race.

II. The trial court erred in denying Appellant the opportunity to establish bias by cross-examining a police officer about an internal affairs complaint allegedly filed against him.

III. The trial court improperly instructed the jury on the charge of obstructing/opposing a police officer because the court did not instruct the jury that it must find beyond a reasonable doubt that the police were engaged in the lawful execution of their duty pursuant to *Brannon v State,* 453 SO.2d 428.

IV. The trial court improperly gave a flight instruction.

As to the first issue, there is no merit to Appellant's assignment of error since there was no objection to the trial court's rulings at jury selection and Appellant, in fact, accepted the jury panel without objection. The Appellant cannot raise this objection for the first time on appeal. In view of Appellant's argument that the proper legal basis for exclusion of jurors on the basis of race, this court will set forth the test that should be applied when and if the issue is properly presented. The test is not how many jurors of a particular race is excluded. The Supreme Court of Florida in *State v Neil,* among others, 457 So.2d 481, sets forth the requirements and the procedure to be followed as follows:

1. A party concerned about the other side's use of peremptory challenges must first make a timely objection.

2. The objecting party must demonstrate on the record that the challenged persons are members of a distinct racial group.

3. The objecting party must establish on the record that there is a strong likelihood that the jurors have been challenged solely because of their race.

4. If the objecting party accomplishes the foregoing, then the trial court must decide if there is a substantial likelihood that the peremptory challenges are being exercised solely on the basis of race.

5. If the court finds no such likelihood, no inquiry may be made of the person exercising the questioned peremptories.

6. If the court decides that such a likelihood has been shown to

exist, the burden shifts to the complained-about party to show that the questioned challenges were not exercised solely because of the prospective juror's race.

7. If it be shown that the challenges were based on the particular case on trial, the parties or witnesses, or characteristics of the challenged persons other than race, then the inquiry must end and jury selection should continue.

8. If the jurors have been challenged solely on the basis of race then the court should dismiss that jury pool and start voir dire over with a new pool of jurors.

The second issue raised by the Appellant causes this court some concern. Not because of the merits but because of the conduct of the defense attorney in this proceeding. Issue II presented by Appellant states that error was committed because the defendant was not allowed to cross-examine a police officer with regard to a pending internal affairs complaint involving that officer. If that was factually correct, the Appellant would have good grounds for the appeal and a reversal; but such is not the case. It is apparent from the record that at some point prior to the trial, counsel for the defendant told Officer Lockley a complaint had been lodged against him with the sheriff's department. In fact, no complaint had been lodged against him but appellant, relying upon the allegation, responded in the affirmative regarding a complaint being filed, assuming such to be true. At trial counsel for Appellant attempted to cross-examine Officer Lockley with regard to the nonexistent complaint well knowing that there was no complaint filed against Officer Lockley. The State objected to this cross-examination upon a nonexisting complaint for at this time everyone knew there was no such complaint filed. Defendant's counsel did not ask Officer Lockley if a complaint had been filed but told him, "a complaint had been filed against you as a result of your actions . . ." At time of trial there would, of course, have been no motive or bias on the party of Officer Lockley that would influence his testimony. Such statements and tactics employed by the Appellant's attorney are reprehensible and will not be condoned. There is no error on the part of the trial court in sustaining the objection to the proffered cross-examination.

Issue III presented by the Appellant correctly points out error committed by the trial court in the giving of the instruction on the charge of obstructing or opposing a police officer without violence. That instruction given by the trial judge reads as follows:

"Before you can find the defendant guilty of resisting an officer without violence, the State must prove the following three elements;

that Coleen Butler obstructed or opposed Officer Downey. At the time Officer Downey was engaged in the lawful execution a legal duty. At the time Officer Downey was an officer. The Court now instructs you that an officer with the Jacksonville Sheriff's Office is a law enforcement officer within the meaning of the law. The Court further instructs you that conducting a lawful investigation and arrest constitute the lawful execution of a legal duty. (T. 539)

The offensive part of the charges are the words" "The Court further instructs you that conducting a lawful investigation and arrest constitute the lawful execution of a legal duty." Because of this error the judgment entered against the defendant as to Count II must be set aside. The exact situation was presented to the First District Court of Appeal in the case of *Brannon v State of Florida,* 453 So.2d 428. The trial court erred in not affording the defendant the opportunity of having the jury determine whether the officer was "conducting a lawful investigation and arrest". In order for the jury to make such a determination, it must, of course, be informed of the definition of a lawful investigation and arrest. Although the trial court gave the three elements of the offense in the first part of its instruction, in the final paragraph the court, in effect, told the jury that the officer was conducting a lawful investigation and arrest and that that constitutes lawful execution of a legal duty. No objection was made to the instruction but the error is error per se and constitutes fundamental error. Therefore the objection need not be made. A jury must not be left with the problem of making a legal determination of whether the officer was engaged in the lawful investigation and arrest without guidance from the court in its jury instructions.

Issue IV presented by Appellant has no merit. The record clearly discloses evidence to sustain the giving of a flight instruction.

This cause is remanded to the County Court of Duval County, Florida, for further proceedings pertaining to Count II of the information consistent with this opinion.