564 So.2d 618 (1990)
Rickey J. DION, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0529.
District Court of Appeal of Florida, Fourth District.
August 1, 1990.
Richard L. Jorandby, Public Defender, and Joseph S. Shook, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia H. Alonso, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We agree with appellant that the evidence presented was insufficient to support his convictions for trespass and resisting arrest without violence. There was no evidence presented to show that appellant was on notice that Holiday Park in Fort Lauderdale was "closed" at the time he allegedly trespassed in the park, or that the police officer who subsequently arrested him outside the park had a factual basis for believing appellant was on notice that the park was "closed." See § 810.09(1), Fla. Stat. (1987).
We also agree that appellant is entitled to a new trial on the charge of resisting arrest with violence. While we find no error in the denial of appellant's requested instructions, it is apparent that the trial court erred in instructing the jury as a matter of law that the police officer was acting lawfully when he arrested appellant. See Brannen v. State, 453 So.2d 428 (Fla. 1st DCA 1984); Smith v. State, 399 So.2d 70 (Fla. 5th DCA 1981).
Accordingly, we reverse with directions that appellant's convictions for trespass and resisting arrest without violence be vacated, and that a new trial be conducted on the charge of resisting arrest with violence.
ANSTEAD, GLICKSTEIN and WARNER, JJ., concur.