564 So.2d 618 (1990)
Julian C.H. DUNLOP, Appellant,
v.
Jill DUNLOP, Appellee.
No. 89-2351.
District Court of Appeal of Florida, Fourth District.
August 1, 1990.
*619 Vicki L. Plant, Fort Lauderdale, for appellant.
John G. Jordan of Berryhill, Avery, Williams & Jordan, P.A., Fort Lauderdale, for appellee.
GARRETT, Judge.
The husband appeals the trial court's denial of his motion to dismiss for lack of personal jurisdiction.
The parties were married in New York and divorced fourteen years later in London. The wife and their two minor children have lived in Florida since before the divorce. Throughout the marriage the husband lived out of the country, but now lives in Massachusetts and occasionally travels to Florida to exercise his visitation rights. He pays child support through the Broward County Support Enforcement Division under the Uniform Reciprocal Enforcement Support Act (URESA). She filed a petition to domesticate a judgment from a foreign country and to increase the amount of child support. The trial court found that the husband was served by "long arm service, ... used in proceedings for child support."
Both parties agree that the act of making child support payments under URESA does not confer personal jurisdiction in an action to modify support. § 88.291, Fla. Stat. (1987).
Section 48.193(1)(e), Florida Statutes (1987) specifies the acts which do subject a person to the jurisdiction of the courts of this state in child support matters as follows:
With respect to a proceeding to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not.
The trial judge erroneously determined jurisdiction over the husband by applying the most convenient forum standard. Although the husband had minimum contact with Florida, the statutory criteria was not met as he neither maintained a matrimonial domicile nor resided in this state before or at the time the wife commenced this action. His occasional visits to Florida did not constitute the establishment of a residency in this state. Even if the wife domesticates the foreign judgment, she will still have to seek modification of the child support in a state where personal jurisdiction can be obtained over the husband. See Overcash v. Overcash, 466 So.2d 1261 (Fla. 2d DCA 1985).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
ANSTEAD and DELL, JJ., concur.