590 So.2d 25 (1991)
Eric Leroy STAYER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1437.
District Court of Appeal of Florida, Fourth District.
November 27, 1991.
Cynthia L. Cox, Vero Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.

ON REHEARING
WARNER, Judge.
We grant rehearing and substitute the following opinion.
This is an appeal from a final judgment adjudicating appellant guilty of two counts of battery on a law enforcement officer. The issue presented is whether the court erred in instructing the jury. We affirm.
The appellant was charged and tried for battery on a law enforcement officer. The charge arose from a fight which occurred when two officers were attempting to arrest appellant based on an outstanding warrant against appellant issued in Gainesville, Florida.
At the charge conference appellant's attorney objected to the court charging the jury as follows: "The court further instructs you that arresting a person on a warrant constitutes lawful execution of a legal duty." It is difficult to determine the exact nature of appellant's objection. Apparently, he wished to omit the instruction entirely and simply state the element of the crime which was that the officer "was engaged in the lawful performance of his duties."
The objected instruction was an accurate statement of law. McCray v. State, 496 So.2d 919 (Fla. 2d DCA 1986) (officers have no discretion but to arrest an individual when they discover that person was wanted on outstanding capias for his arrest). Furthermore, the lawful execution of duty by the police officers was not contested at *26 trial, trial counsel conceding in opening, in charge conference, and in closing that the officers had a right to arrest him based upon the warrant.
We distinguish Dion v. State, 564 So.2d 618 (Fla. 4th DCA 1990), because in that case the trial court in essence directed a verdict by instructing the jury that the officers were acting lawfully in arresting Dion. Here the court did not say the officers were acting lawfully but merely stated that arrest pursuant to a warrant was the lawful execution of a legal duty. Moreover, Wimbley v. State, 567 So.2d 560 (Fla. 4th DCA 1990), is likewise distinguishable where the trial court instructed the jury that the officers were in the lawful execution of a legal duty in arresting appellant. An arrest based on probable cause would depend on whether the elements of the crime for which the arrest is made occurred. Therefore, a statement that an officer is in the lawful execution of duty when an arrest is made requires the jury to determine whether the officer had probable cause to believe the underlying charge had been committed. In both Dion and Wimbley that issue was contested. However, where an arrest is pursuant to a warrant, the jury has no factual determination to make as to whether a valid arrest has occurred, even if the warrant is later determined to be invalid. See McCray.
Likewise, Brannen v. State, 453 So.2d 428 (Fla. 1st DCA 1984), is also distinguishable. In Brannen the defendant did not object to the instruction that an arrest for disorderly intoxication was the lawful execution of a legal duty. What the defendant wanted was an additional instruction as to the elements of disorderly intoxication so that the jury could determine whether the particular arrest was lawful. In this case, no additional jury instructions were requested and unlike Brannen the legality of the arrest was conceded at trial.
HERSEY, J., concurs.
GLICKSTEIN, C.J., dissents with opinion.
GLICKSTEIN, Chief Judge, dissenting.
While McCray v. State, 496 So.2d 919 (Fla. 2d DCA 1986), accurately may state the law governing arrests pursuant to outstanding warrants, I believe the trial court erred in instructing the jury that "arresting a person on a warrant constitutes a lawful execution of a legal duty." I find the instant case to be indistinguishable from this court's decisions in Dion v. State, 564 So.2d 618 (Fla. 4th DCA 1990), and Wimbley v. State, 567 So.2d 560 (Fla. 1990). In both Dion and Wimbley, the defendants were convicted of resisting arrest without violence. Under section 843.02, Florida Statutes (1989), the state must prove that the person charged resisted, obstructed, or opposed any law enforcement officer, parole officer, or "other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty." Under section 784.07(2)(b), Florida Statutes (1989), a person cannot be convicted of assault or battery of a law enforcement officer unless that officer "is engaged in the lawful performance of his duties."
Taking judicial notice of this court's records, the briefs in Wimbley reveal that the trial court instructed the jury that "an arrest and detention of [an] individual constitutes a lawful execution of a legal duty." That instruction basically is indistinguishable from the instruction given here. The majority distinguishes Dion by stating that the trial court there in essence directed a verdict by instructing the jury that the officers were acting lawfully in arresting the defendant. In the instant case, the trial court instructed the jury that an arrest pursuant to a warrant was a lawful execution of a legal duty. The net effect of the two statements is identical. The issue of whether the law enforcement officer was engaged in the lawful performance of his duties is removed from the jury's consideration. The lawful duty requirement was an essential element to be shown by the prosecution and subject to jury determination, applying the reasonable doubt *27 criteria. See Brannen v. State, 453 So.2d 428 (Fla. 1st DCA 1984).