PER CURIAM.
George Fields appeals his convictions and sentences for aggravated assault, resisting arrest with violence, possession of a firearm by a convicted felon, and burglary. Only one of the points raised by appellant warrants discussion.
The events that led to charges against Fields began when Detective Kirk, who was on patrol in an unmarked vehicle, and who knew there were outstanding warrants against appellant, received a tip that appellant was in a Mercury Cougar with another man. Kirk began following the Cougar, without activating flashing lights or siren, and observed a lot of movement in the car. The Cougar then suddenly turned into a driveway and stopped. When Kirk pulled in behind, the driver and appellant got out of the Cougar, pointed guns at Kirk and another officer, then fled. A chase ensued, and the suspects were apprehended while trying to hide in the house of witness Roy Smith’s mother (the burglary).
As to the resisting charge, appellant contends, inter alia, that the trial court committed reversible error when it instructed the jury that “arresting a person on warrants constitutes the lawful execution of a legal duty.” He argues that this instruction is tantamount to a directed verdict for the state on this element, citing our decision in Dion v. State, 564 So.2d 618 (Fla. 4th DCA 1990).
In our recent opinion in Stayer v. State, 590 So.2d 25 (Fla. 4th DCA 1991), however, Judge Warner, writing for the majority, distinguished cases where an officer is attempting to arrest a suspect on a warrant from the Dion situation. Dion involved the question of whether an officer, attempting to make an arrest for a just-committed offense, was lawfully executing a legal duty. This is clearly a jury question, as it goes to whether the officer had probable cause to make the arrest. Here Detective Kirk had no discretion in arresting Fields on the outstanding warrant. McCray v. State, 496 So.2d 919 (Fla. 2d DCA 1986). As we held in Stayer, there was no error in the trial court’s instruction given here.
The remainder of appellant’s points are without merit, and accordingly, we affirm the convictions and sentences imposed.
AFFIRMED.
LETTS, DELL and POLEN, JJ., concur.