616 So.2d 483 (1993)
Ricky McPHEE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-0077.
District Court of Appeal of Florida, Fourth District.
March 3, 1993.
Motion for Rehearing to Certify Question or Rehearing Denied May 5, 1993.
Richard L. Jorandby, Public Defender and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
Motion for Rehearing to Certify Question or Rehearing En Banc Denied May 5, 1993.

ON MOTION FOR REHEARING
PER CURIAM.
We grant rehearing and withdraw our prior opinion, substituting the following in its place.
Ricky McPhee appeals his conviction for resisting arrest. McPhee admits to petit theft but argues that during his arrest the police officer used excessive force, which entitled McPhee to resist arrest with violence. The court gave the standard jury instructions on self defense and on resisting an officer, which included the following: "the Court further instructs you that an arrest and detention constitutes a lawful execution of a legal duty." McPhee did not object to the instructions. McPhee argues that the trial court erred in giving this instruction because it directs a verdict for the state on an element of the crime, that is, whether the officer was acting lawfully in the performance of his legal duty. McPhee relies on Dion v. State, 564 So.2d 618 (Fla. 4th DCA 1990), wherein the Fourth District reversed a conviction for resisting arrest without violence where the trial court instructed the jury as a matter of law that the police officer was acting lawfully when he arrested the appellant. We affirm.
Dion is distinguishable. It appears from that decision that the arrest was one based on probable cause which was a contested issue in the case. Wimbley v. State, 567 So.2d 560 (Fla. 4th DCA 1990), is also distinguishable because there the trial court improperly instructed the jury that the particular police officers were in lawful execution of a legal duty at the time the alleged *484 offenses took place. Again, the contested issue was whether the officer had probable cause to arrest from the facts and circumstances presented.
In the instant case, there was no issue as to whether the officer had probable cause to arrest. There was no real challenge to the lawfulness of the arrest as there was in Dion. The issue of excessive force was a defense. See Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985). The court instructed the jury that if an officer uses excessive force to make an arrest, then a person is justified in the use of reasonable force to defend himself, but only to the extent that he reasonably believes such force was necessary. Thus, the jury was appropriately instructed on the central issue in the case.
This objection to the instruction regarding the lawfulness of the arrest is raised for the first time on appeal. Thus, to reverse on this ground we must find that the error is fundamental. However, it is not fundamental error to fail to instruct on an essential element of a crime where the existence of that element is not in genuine dispute. State v. Delva, 575 So.2d 643 (Fla. 1991); Jones v. State, 465 So.2d 566 (Fla. 3d DCA 1985).
Based on the foregoing we affirm.
HERSEY and WARNER, JJ., and WALDEN, JAMES H., Senior Judge, concur.