KLEIN, Judge.
Defendant was convicted of battery on a law enforcement officer and resisting arrest with violence. He argues that the court erred in instructing the jury that “an arrest constitutes a lawful execution of a legal duty,” because this instruction invaded the province of the jury, based on Dion v. State, 564 So.2d 618 (Fla. 4th DCA 1990).
The present case is distinguishable from Dion and the other recent cases which have grappled with the propriety of this type of instruction, because in the present case the facts were undisputed that the defendant resisted the arrest with violence; by his own admission he struck one of the officers at least once.
In Dion and the other cases relied on by defendant, there was an issue for the jury as to the legality of the arrest, because an illegal arrest can be resisted without violence. Smith v. State, 399 So.2d 70 (Fla. 5th DCA 1981). An illegal arrest cannot, however, be resisted with violence. Lowery v. State, 356 So.2d 1325 (Fla.. 4th DCA 1978). Since defendant could not lawfully resist this arrest with violence, and yet undisputedly did, the legality of the arrest was not an issue. The court did not err, therefore, in giving the instruction.
Defendant also argues that the evidence was insufficient to support the verdict of battery on a law enforcement officer. We disagree. There was ample evidence to support the submission of that issue to the jury.
We do reverse the imposition of the public defender’s fee on the defendant, because the defendant was not given notice of his right to contest the amount. Smiley v. State, 590 So.2d 1116 (Fla. 4th DCA 1991).
Affirmed in part and reversed in part.
STONE and POLEN, JJ., concur.