KLEIN, Judge.
Defendant was convicted of resisting arrest without violence and asserts that the trial court erred in instructing the jury that “a criminal investigation constitutes a lawful execution of legal duty.” We affirm.
A police officer, in response to a telephone call to the effect that two shots had been fired in the area of defendant’s home, drove to defendant's neighborhood and observed defendant carrying a shotgun. When the officer ordered defendant to drop the weapon, defendant threw it underneath his vehicle. The officer testified that he then requested defendant and his companion to raise their hands and put them behind their backs, because he was concerned that the defendant may have had another weapon concealed under his shirt, which was hanging out. According to the officer, the defendant started to scream and refused to comply, and a scuffle followed resulting in the defendant being subdued. Defendant and his witnesses testified that there was no struggle.
Defendant argues that when the court instructed the jury that an investigation constitutes a lawful execution of a legal duty, the court erroneously deprived defendant of having the jury decide whether the officer was lawfully conducting an investigation. The problem with defen *201 dant’s argument is that the lawfulness of the investigation was not an issue in this ease.
Defendant obtained a pretrial order prohibiting the introduction of evidence that the officer had come to defendant’s residence because of the telephone call about the two shots having been fired in that area. Defendant would not have been entitled to have that evidence excluded if he was contesting the lawfulness of the investigation. Nor did defendant raise the issue of the lawfulness of the investigation at trial.
Analogous situations were presented in Stayer v. State, 590 So.2d 25 (Fla. 4th DCA 1991), and Fields v. State, 591 So.2d 1129 (Fla. 4th DCA 1992), in which the police officers were carrying out arrests pursuant to warrants. In those cases the defendants contested instructions to the effect that the officers were lawfully executing a legal duty, and this court affirmed because the lawfulness of the arrests was not in issue. Officers have no discretion in making arrests where there is an outstanding warrant. McCray v. State, 496 So.2d 919 (Fla. 2d DCA 1986).
Since there was no issue regarding the lawfulness of the investigation, the jury instruction was not erroneous.
Affirmed.
STONE and POLEN, JJ., concur.