640 So.2d 204 (1994)
Romance JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2318.
District Court of Appeal of Florida, Fourth District.
August 3, 1994.
*205 Richard L. Jorandby, Public Defender, and Eric M. Cumfer, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sharon A. Wood, Asst. Atty. Gen., West Palm Beach, for appellee.
PARIENTE, Judge.
The defendant appeals his conviction for resisting arrest without violence because he claims that the law enforcement officer did not effect the arrest in a legal manner. We affirm.
We reject the defendant's contention that he was entitled to a judgment of acquittal because his arrest was unlawful. In order to be convicted of resisting arrest without violence, the state agrees it must prove that the officer was "in the lawful execution of any legal duty." § 843.02, Fla. Stat. (1991).[1] This element is established by proof of either probable cause or a valid warrant. See In the Interest of T.M.M., 560 So.2d 805 (Fla. 4th DCA 1990); Smith v. State, 546 So.2d 459 (Fla. 4th DCA 1989); Dean v. State, 466 So.2d 1216 (Fla. 4th DCA 1985). Here, there was a stipulation that the detective had probable cause to arrest the defendant. As such, a prima facie case was established and a judgment of acquittal was properly denied.
*206 We also question the defendant's contention that the arrest was made in an unlawful manner because he was not informed of the cause of his arrest pursuant to section 901.17, Florida Statutes (1991), which governs warrantless arrests.[2] The facts establish that the defendant ran from the detective after being told to put his hands on the car, thus preventing the detective from complying with section 901.17. We note that this section excuses compliance where "the person flees ... before the officer has an opportunity to inform him" of the officer's authority and the reason for the arrest. § 901.17, Fla. Stat. (1991). Additionally, the failure of the officer to immediately inform the defendant of the cause of the arrest does not necessarily render the arrest illegal. See Lewis v. State, 572 So.2d 908 (Fla. 1990); Flowers v. State, 152 Fla. 649, 12 So.2d 772 (Fla. 1943) (Brown, J., dissenting in part); Kirksey v. State, 433 So.2d 1236 (Fla. 1st DCA 1983); City of Miami v. Nelson, 186 So.2d 535, n. 1 (Fla. 3d DCA 1966). In any event, the issue of whether the arrest was effected in a manner which justified the defendant's actions in fleeing would, at most, constitute a defense. See, e.g., McPhee v. State, 616 So.2d 483 (Fla. 4th DCA 1993). It would not entitle the defendant to a judgment of acquittal.
The defendant also complains that the trial court erred in instructing the jury "that it has been stipulated that Detective Jones was engaged in the lawful execution of a legal duty." He contends this instruction had the impermissible effect of directing a verdict. The defendant concedes no objection was interposed to the instruction and that he stipulated to probable cause. He relies on Dion v. State, 564 So.2d 618 (Fla. 4th DCA 1990) and Wimbley v. State, 567 So.2d 560 (Fla. 4th DCA 1990), which disapproved of similar case specific instructions. However, unlike the facts in this case, in both Dion and Wimbley, probable cause was a contested issue. Compare McPhee.
In addition, because the defendant failed to object to this instruction at trial, the matter was not properly preserved for appellate review. See State v. Anderson, 639 So.2d 609 (Fla. 1994); McPhee; Starks v. State, 627 So.2d 1194 (Fla. 3d DCA 1993). While the defendant maintains the arrest was unlawful, he failed to request a jury instruction on his defense that the arrest was not effected in compliance with section 901.17. Therefore he cannot now complain. Anderson.
Finally, we reject the defendant's last point that the giving of the standard reasonable doubt instruction constitutes fundamental reversible error. Because the defendant did not object to the instruction, any complaint now about its wording has not been preserved for review. Parker v. State, 19 Fla. L. Weekly S322, ___ So.2d ___ (Fla. June 16, 1994). Notwithstanding, the giving of the reasonable doubt instruction, as contained in the standard jury instructions, does not constitute reversible error. See Brown v. State, 565 So.2d 304 (Fla.), cert. denied, 498 U.S. 992, 111 S.Ct. 537, 112 L.Ed.2d 547 (1990); Woods v. State, 596 So.2d 156 (Fla. 4th DCA), rev. denied, 599 So.2d 1281 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 256, 121 L.Ed.2d 188 (1992).
AFFIRMED.
ANSTEAD and KLEIN, JJ., concur.
NOTES
[1] Although we need not address the issue in this case, we note that Chief Judge Harris, in a specially concurring opinion, questions whether the lawfulness of an arrest should even constitute an essential element of resisting arrest without violence as opposed to a defense. Foreshaw v. State, 639 So.2d 683 (Fla. 5th DCA 1994) (Harris, C.J., concurring specially).
[2] Section 901.17, Florida Statutes (1991) provides in pertinent part:

A peace officer making an arrest without a warrant shall inform the person to be arrested of his authority and the cause of arrest... .