837 So.2d 1095 (2003)
Rene GUITTERREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4982.
District Court of Appeal of Florida, Fourth District.
February 19, 2003.
Carey Haughwout, Public Defender, and Nancy B. Jack, Assistant Public Defender, West Palm Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Rene Guitterrez was charged with battery on a law enforcement officer and resisting an officer with violence; the jury convicted him only of battery and resisting an officer without violence. In his sole point on appeal, Guitterrez argues that the trial court fundamentally erred when instructing the jury on the offense of resisting an officer without violence. We disagree and affirm.
On May 14, 2000, Guitterrez was a passenger in a car that was involved in a hit and run accident with another vehicle on Alligator Alley.[1] After the accident, the *1096 driver and the two passengers jumped out of the car and ran into the nearby swamp. Florida Highway Patrol Trooper Richard Nardiello responded to the call just before 2 a.m. and spoke with the victim. A police helicopter was called in to provide lighting from above and Nardiello, along with a couple of K-9 officers, went into the swamp looking for the individuals that ran from the vehicle. The officers found the three men in the swamp, including Guitterrez, who was hiding in some bushes in deep mud. Guitterrez refused to follow the officers' directions to come out of the bushes and then ran further into the swamp. Eventually, the officers grabbed Guitterrez. After a brief struggle, and with the assistance of the K-9 dogs, Nardiello handcuffed Guitterrez, placed him under arrest, and brought him out of the swamp.
Guitterrez testified in his own defense using a Spanish interpreter. Guitterrez related that he and two friends were driving from Naples to Hollywood, Florida. The trio did not leave until about 11 p.m. and, during the drive, Guitterrez fell asleep. According to Guitterrez, at some point his friends woke him up and told him to run. Guitterrez testified that he was unaware of the accident and didn't know why they were running. Guitterrez stated that he did not know that the officers wanted him to come out, and he did not understand what the officers were trying to say to him. When asked what he thought the police were doing in the swamp at 2 a.m., Guitterrez responded "investigating" or "[l]ooking for something due to the car problems." According to Guitterrez, once confronted by the officers, he only fled further to get away from the dog. Guitterrez stated that he never struck or tried to strike the officer. Rather, according to Guitterrez, the officer attempted to handcuff him and struck him with a flashlight. At that point, the officer fell. After a second dog was released and then retrieved, Guitterrez stated that he was handcuffed.
Guitterrez contends that the trial court's instruction to the jury that "the arrest constitutes a lawful execution of a legal duty" effectively removed the lawfulness of his arrest, an element of the offense, from the jury. Indeed, Guitterrez is correct that an essential element of the offense of resisting a law enforcement officer without violence is that the arrest must be lawful. See V.L. v. State, 790 So.2d 1140, 1143 (Fla. 5th DCA 2001); see also Campbell v. State, 812 So.2d 540 (Fla. 4th DCA 2002). But here, because Guitterrez never objected to the jury instructions that were given, and even affirmatively stated that he had no objection, he must rely on the application of the doctrine of fundamental error in order to obtain relief. See Miller v. State, 828 So.2d 445, 447 (Fla. 4th DCA 2002)("A party's failure to object in the trial court precludes appellate review of an erroneous jury instruction unless the error is deemed fundamental.")(citing Davis v. State, 736 So.2d 27, 28 (Fla. 4th DCA 1999)).
Guitterrez maintains that he is entitled to a new trial since this court has held that the failure to give a complete or accurate jury instruction constitutes fundamental error "if it relates to an element of the charged offense." Dowling v. State, 723 So.2d 307, 308 (Fla. 4th DCA 1998)(citing State v. Delva, 575 So.2d 643 (Fla. 1991)). While Guitterrez' general statement of the law is correct, our supreme court recently stressed that fundamental error will result only where the issue to which an erroneous jury instruction is directed is in dispute at trial. See Reed v. State, 837 So.2d 366, 369 (Fla. 2002)(holding *1097 that improper jury instruction rises to level of fundamental error only when it both relates to an element of the crime and that element is in dispute). Here, the lawfulness of Guitterrez' arrest was not placed in material dispute.
McPhee v. State, 616 So.2d 483 (Fla. 4th DCA 1993)(on rehearing), is similar to the instant case. There, the defendant was convicted of resisting arrest. On appeal, McPhee argued that the trial court's instruction to the jury that "an arrest and detention constitutes a lawful execution of a legal duty" essentially directed a verdict for the State on the element of whether the officer was acting lawfully in the performance of his legal duty. Id. at 483. In the absence of an objection, this court refused to find fundamental error in the trial court's jury instruction since, at trial, "[t]here was no real challenge to the lawfulness of the arrest." Id. at 484. McPhee had maintained at trial that the police officer had used excessive force during his arrest for alleged petit theft and argued that he was justified in using reasonable force to defend himself. The court in McPhee went on to state that "it is not fundamental error to fail to instruct on an essential element of a crime where the existence of that element is not in genuine dispute." Id.
A close review of the trial record in the instant case, including defense counsel's opening statement and closing argument, reveals that the issue of whether the officers were engaged in the lawful execution of a legal duty while investigating the hit and run incident, and subsequently arresting Guitterrez, was never in material dispute. The primary argument advanced by Guitterrez at trial was that he lacked any intent to commit the offense. Guitterrez argued that: (1) because of the language barrier, he did not understand that the police wanted him to come out so that they could speak with him; and (2) his balance was unstable and if any resistance to the officer occurred, it was accidental and due to the muddy conditions in the swamp. See Mosley v. State, 739 So.2d 672, 675 (Fla. 4th DCA 1999)(holding that in order to be guilty of obstructing or resisting an officer, the defendant must know of the officer's intent to detain or arrest him).
We acknowledge that it would not be difficult to construct various legal theories as to why this arrest may not have been a lawful one.[2] Nonetheless, since we are concerned here with fundamental error, the question we address is not whether the arrest was in fact lawful, but whether the issue of the lawfulness of the arrest was in material dispute at trial. See McPhee; see also Anderson v. State, 780 So.2d 1012, 1014 (Fla. 4th DCA 2001)(stating that "only where the erroneous instruction pertains to a disputed element of the crime will the error be deemed fundamental").
Accordingly, having lodged no objection to an instruction relating to an element of the offense which was not in material dispute, Guitterrez cannot demonstrate fundamental error.
AFFIRMED.
WARNER and KLEIN, JJ., concur.
NOTES
[1] Alligator Alley is the nickname for the east-west stretch of Interstate 75, crossing the Florida Everglades and connecting Naples with Fort Lauderdale.
[2] For example, leaving the scene of an accident involving damage to a vehicle or property is a second degree misdemeanor. See § 316.061(1), Fla. Stat. Since the crime was only a misdemeanor and the officers did not witness the crime, it might be argued that they could not arrest Guitterrez, or any of the men, without a warrant. See § 901.15, Fla. Stat. On the other hand, the State could very well argue in response that it was not improper for the police to forcibly bring Guitterrez out of the swamp and briefly detain him so that they could complete their investigation of this "hit and run" incident.