FULMER, Chief Judge.
John Albury was charged with attempted burglary, four counts of assault, and resisting an officer without violence. He was convicted after a jury trial of two counts of assault and resisting without violence. He was acquitted of the other counts. On appeal, Albury asserts error in the trial court’s denial of his request for a special jury instruction and the denial of his motion for new trial. Because both issues pertain only to the resisting conviction, we affirm the two assault convictions. We reverse the resisting conviction for a new trial because we agree that the trial court erred in denying the special jury instruction. Our reversal makes it unnecessary for us to address the denial of the motion for new trial.
The assault charges arose from a confrontation between Albury and two men in a driveway behind a shopping center. The resisting charge arose when the police were called to the scene after the assaults had occurred. They arrived to find Albury leaving the parking lot in his van. The police ordered Albury out of his van at gunpoint. According to the officers, Al-bury refused to comply with orders to get out of the van and, when he eventually did get out, he refused to comply with orders to put his hands in front of him or on the hood. The officers wrestled him to the ground, hit him with a baton, and pepper-sprayed him.
According to Albury, when the police, with pistols drawn, ordered him out of the van, he complied. However, he first turned off the ignition and, after he exited, reached back inside to get his cigarettes. Once out of the van, he turned to ask why he was being arrested, and he felt an arm or baton come across his throat. He did not remember being wrestled to the ground or pepper-sprayed. He awoke in the hospital.
The information charged in count 6 that Albury “did resist, obstruct, or oppose Ed Cain or Michael Kellner, officers of the Lakeland Police Department, in the execution of legal process or in the lawful execution of a legal duty, without offering or *932 doing violence to the person of said officers, contrary to Florida Statute 843.02.”
At trial, Albury presented the court with a written request for the following proposed instruction:
To prove the crime of Resisting Officer Without Violence, the State must prove the following three elements beyond a reasonable doubt:
1. The Defendant resisted, obstructed, or opposed Ed Cain or Michael Kellner.
2. At the time Ed Cain and/or Michael Kellner were engaged in the execution of legal process or lawful execution of a legal duty.
3. At the time Ed Cain and/or Michael Kellner were officers.
The court now instructs you that every municipal police officer is an officer within the meaning of the law.
The court further instructs you that making a lawful arrest constitutes execution of legal process or lawful execution of a legal duty. An arrest is lawful if the officer had probable cause for the arrest or a valid warrant.
Additionally, a peace officer making an arrest without a warrant shall inform the person to be arrested of the officer’s authority and the cause of arrest except when the person flees or forcibly resists before the officer has an opportunity to inform the person or when giving information will imperil the arrest. The failure of the officer to immediately inform the Defendant of the cause of the arrest does not by itself render the arrest illegal, but is something which may be considered in determining whether Defendant’s actions were justified.
At the charge conference, the following discussion ensued over Albury’s proposed instruction:
[DEFENSE COUNSEL]: Your Hon- or, I have a special instruction I’d like to propose.
Your Honor, also I have a case to support the instruction, ask if I can provide that to the court. It’s the case of Jones versus Florida, it’s a Fourth DCA opinion found at 640 So.2d, Page 204, a 1994 opinion.
You’ll note that it’s all standard at the first part, and the — I guess the second paragraph after the other paragraph that reads, the court further instructs you that making a lawful arrest, that comes also from the standard instruction, and for some reason that was left off of the language. And I can show you I printed my — the standard instruction that is typically given.
THE COURT: I don’t have a problem with that.
[DEFENSE COUNSEL]: And then, so really, the special instruction so far as this goes would be mostly dealing with the last paragraph that I’ve asked [for].
THE COURT: Any objection to that paragraph, Mr. [Prosecutor]?
[PROSECUTOR]: Yes, Your Honor. The state is not going to be arguing that the officers were making a lawful arrest. We’re going to argue that they were in the execution of a legal duty, they were simply detaining the defendant to determine what was going on. I’m not arguing they had probable cause at that time to arrest him.
But you don’t have to be — resisting does not require a lawful arrest, it only requires the officer being engaged in the performance of a legal duty, which can be different from making an arrest.
[DEFENSE COUNSEL]: If I may respond very briefly. I think the interesting thing about this case is one officer did testify that that was his intent was [sic] merely to detain Mr. Albury for the *933 purposes of further investigation, and yet the other officer said that he was being arrested. So I think there is definitely a split in the testimony before the court on that issue.
[PROSECUTOR]: But if you go up to Subsection No. 2, which says at the time, Ed Kane and/or Michael Kellner were engaged in the execution of legal process or lawful execution of a legal duty, that’s all the state has to prove. We don’t have to prove whether they were making a lawful arrest or not making a lawful arrest. As long as they were engaged in the execution of a legal duty.
The state’s feeling is if you start instructing them on lawful arrests and tell the defendant that he’s under arrest, or whether they tell them or don’t tell them, it’s going to get the jury off on a tangent of whether this was or was not a lawful arrest, and that’s not an element that has to be proven.
THE COURT: The defendant’s proposed instruction, number one, is denied as to the last paragraph, granted as to the second to the last paragraph.
The trial court instructed the jury as requested by Albury but omitted the last paragraph of the requested instruction.
Section 843.02, Florida Statutes (2003), provides that “[w]hoever shall resist, obstruct, or oppose any officer ... in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree....” Section 901.17, Florida Statutes (2003), entitled, “Method of arrest by officer without warrant,” provides:
A peace officer making an arrest without a warrant shall inform the person to be arrested of the officer’s authority and the cause of the arrest except when the person flees or forcibly resists before the officer has an opportunity to inform the person or when giving the information will imperil the arrest.
“A party is entitled to have the jury instructed on his theory of the case when the evidence, viewed in a light favorable thereto, substantially supports the theory even though that theory is controverted.” Florio v. Eng, 879 So.2d 678, 679 (Fla. 4th DCA 2004) (citing Seaboard Coastline R.R. Co. v. Addison, 502 So.2d 1241, 1242 (Fla.1987)). “Failure to give a requested jury instruction constitutes reversible error where: (1) the requested instruction accurately states the law, (2) the facts in the case support the giving of the instruction, and (3) the instruction was necessary to allow the jury to properly resolve the issues in the case.” Id. at 680.
The last paragraph of Albury’s requested instruction derives from section 901.17 and Jones v. State, 640 So.2d 204, 206 (Fla. 4th DCA 1994). There was no testimony at trial that the officers complied with the requirements of section 901.17 by informing Albury of the cause of his arrest or detention. Although noncompliance does not render the arrest illegal, it is a fact that the jury should have been allowed to consider in evaluating whether Albury’s actions were reasonable. See Jones, 640 So.2d at 206.
In the trial court and on appeal, the State’s arguments have focused on the actions of the officers. The State has asserted that because the officers were acting in the lawful execution of a legal duty, Albury was not entitled to the requested instruction. This argument misses the mark because whether the officers were effecting an arrest or doing something else that constituted a legal duty is not germane to Albury’s theory of the case, which, as indicated by Albury’s testimony and proposed instruction, presupposes that the officers *934 were effecting a legal arrest. Albury was entitled to have the jury instructed on his theory of the case, which was that when Albury turned to ask the officers why he was being arrested, his action was not obstruction of or resistance to the officers but rather was a legitimate and lawful action under the circumstances. Thus, the requested instruction would have clarified for the jury the first element of the offense, the question of whether Albury’s actions constituted resisting, obstructing, or opposing.[1] We conclude that the failure to give the requested instruction was an abuse of discretion and, therefore, reverse and remand for a new trial on the resisting an officer conviction.
Affirmed in part, reversed in part, and remanded.
STRINGER and WALLACE, JJ., concur.

. The record reflects that the jury may have found the additional instruction useful. During deliberations, the jury sent the court a question: "What is resisting arrest?” The court replied: "The instruction you already have is the only instruction on that charge.”