614 So.2d 640 (1993)
Darren WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01976.
District Court of Appeal of Florida, Second District.
February 24, 1993.
*641 James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
For his convictions of battery on two law enforcement officers, section 784.07, Florida Statutes (1989), and resisting arrest with violence, section 843.01, the appellant was sentenced on May 28, 1991, within the guidelines recommended range. In this appeal he contends there were two reversible errors: (1) in the conviction because the jury was wrongly instructed when the trial court in effect directed a verdict as to one of the elements of the crime charged; and (2) in sentencing him using a scoresheet which was incorrectly calculated. We disagree with his first contention but agree that his second contention requires resentencing.
After listing the elements of the crime of battery on a law enforcement officer, the trial court charged the jury in the following manner: "The court now instructs you that Detective J. Wiggins is an officer with the Plant City Police Department and is a law enforcement officer." A similar instruction was given for the count relating to the second officer/victim. This was error because the trial court thus invaded the fact-finding province of the jury. Wright v. State, 586 So.2d 1024 (Fla. 1991). Since defense counsel did not object to the instructions as given, the appellant may present this issue for review before this court only if it was fundamental error to so instruct the jury.[1]Williams v. State, 285 So.2d 13 (Fla. 1973); Smith v. State, 396 So.2d 206 (Fla. 2d DCA 1981).
State v. Delva, 575 So.2d 643 (Fla. 1991), holds that it is not fundamental error to fail to instruct on an element of an offense where the record shows there was no dispute over that particular element. In Delva, the trial court, in a prosecution for trafficking in cocaine, failed to instruct that the jury must find that the defendant knew the substance was cocaine. In the instant case, the court did not fail to instruct on an element of battery on a law enforcement officer but instead erroneously instructed on the element of the victim's status as a law enforcement officer. In both Delva and the instant case, the instructions as given foreclosed the jury from considering the essential element at issue. There was no serious dispute, indeed no dispute at all, about the status of the two law enforcement officers who were the victims of the crimes here, just as there was no dispute in Delva about whether the defendant knew the substance found in the vehicle was cocaine. The two police officer victims in the instant case testified that appellant and they knew each other; the appellant knew they were police officers because he testified that when they approached him, he asked them why they were arresting him. We find that the circumstance of the instant case in erroneously instructing the jury as to the victim's status is sufficiently analogous to the circumstance of Delva in failing to instruct on the knowledge of the substance element of trafficking. Since, like Delva, there was no dispute about this element, the instant error is not fundamental either; therefore, by failing to contemporaneously object, the appellant has not preserved the issue for appellate review. See also, Isom v. State, 18 Fla. L. Weekly D1321, 1993 WL 176179 (Fla. 3d DCA May 25, 1993).
On the other issue raised, the alleged improperly prepared scoresheet at the May 28, 1991, sentencing hearing, the appellant contests the victim injury points scored and the points added for three of five counts of "Additional Offenses at Conviction." These three additional offenses at conviction were grand theft auto, possession of cocaine, and delivery of cocaine. It is clear from the record that these three additional offenses were not convictions *642 but actually charges then awaiting trial. The appellant further argues that the trial court abused its discretion in assigning the highest amount possible for victim injury. The evidence adduced at trial showed that one of the officers was injured and went to the hospital for treatment. Thus, there is competent, substantial evidence to support the trial court's ruling on the addition of victim injury points and we do not find that the trial court abused its discretion in this regard. However, the appellant is correct to point out that the points added for the unadjudicated crimes require us to reverse and remand for resentencing with a properly prepared scoresheet before the court. Culver v. State, 561 So.2d 1281 (Fla. 2d DCA 1990).
DANAHY, A.C.J., and HALL, J., and ROBERTS, SUSAN W., Associate Judge, concur.
NOTES
[1] Wright specifically declined to address the issue whether stating that a named officer/victim is a law enforcement officer in charging the jury in prosecutions for battery on a law enforcement officer is fundamental error. Id. at 1031, note 9.