618 So.2d 730 (1993)
Dominick A. OCCHICONE, Petitioner,
v.
Harry K. SINGLETARY, etc., et al., Respondents.
No. 80234.
Supreme Court of Florida.
April 8, 1993.
Rehearing Denied June 7, 1993.
Claude H. Tison, Jr. and Dan D. McClain of MacFarlane Ferguson, Tampa, for petitioner.
Robert A. Butterworth, Atty. Gen. and Robert J. Krauss, Asst. Atty. Gen., Tampa, for respondents.
PER CURIAM.
Dominick Occhicone, a prisoner on death row, petitions this Court for writ of habeas corpus. We have jurisdiction, article V, section 3(b)(1), (9), Florida Constitution, and deny the petition.
A jury convicted Occhicone of two counts of first-degree murder for killing his former girlfriend's parents and recommended that he be sentenced to death for each conviction. The trial court, however, sentenced him to life imprisonment for the father's murder and to death for the mother's. We affirmed the convictions and sentences on direct appeal. Occhicone v. State, 570 So.2d 902 (Fla. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 2067, 114 L.Ed.2d 471 (1991).
In this petition Occhicone argues that he must be resentenced because the jury instruction on the heinous, atrocious, or cruel; cold, calculated, and premeditated; and committed during a burglary aggravators are unconstitutionally vague. He bases this claim on Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), in which the United States Supreme Court declared invalid our former instruction on the heinous, atrocious, or cruel aggravator. We hold that these claims are procedurally barred.
Occhicone objected at trial that the facts did not support giving these instructions, but did not object to their wording or their constitutionality, nor did he request additional clarifying language. On direct appeal he argued that they were unconstitutionally vague, and we found the complaint about the felony-murder aggravator to be procedurally barred because it had not been preserved for appeal. 570 So.2d at 905-06. Regarding the other aggravators, we stated: "Maynard v. Cartwright, 486 U.S. 356 [108 S.Ct. 1853, 100 L.Ed.2d 372] (1988), did not make Florida's penalty instructions on cold, calculated, and premeditated and heinous, atrocious, or cruel unconstitutionally *731 vague." Id. at 906. We could have, and probably should have, also said at that time that the claim was procedurally barred because of no objection at the trial court level. In any event, the current claims are procedurally barred. Rose v. State, 617 So.2d 291 (Fla. 1993); Kennedy v. Singletary, 602 So.2d 1285 (Fla. 1992).
To forestall further litigation, however, we find that any misinstruction as to the heinous, atrocious, or cruel aggravator was harmless error. During closing argument, defense counsel explained this aggravator to the jury and argued that Occhicone's actions did not rise to the level needed to support this aggravator. The trial court instructed the jury that this aggravator could only be considered as to the female victim, not both victims. The court also instructed the jury that its sentence "must be based upon the facts as you find them from the evidence and the laws." In its sentencing order the trial court specifically found the facts insufficient to support finding this aggravator. A jury is "likely to disregard an option simply unsupported by the evidence." Sochor v. Florida, ___ U.S. ___, ___, 112 S.Ct. 2114, 2122, 119 L.Ed.2d 326 (1992). The jury, as noted previously, recommended death for each victim's killing. We are convinced beyond a reasonable doubt that the instruction on the heinous, atrocious, or cruel aggravator played no part in the jury's recommendation of death for the female victim's murder and that its recommendation would have been the same absent that instruction. Thus, reading the invalid instruction to the jury was harmless error.
Therefore, having found the issues raised in this petition to be procedurally barred, we deny Occhicone's petition for writ of habeas corpus.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.