627 So.2d 1194 (1993)
Lester STARKS, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-643.
District Court of Appeal of Florida, Third District.
November 30, 1993.
*1195 Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and COPE, JJ.
COPE, Judge.
Lester Starks appeals his conviction and sentence for resisting an officer without violence. We affirm.
Defendant asserts that the trial court gave an erroneous jury instruction on the count for which defendant was convicted, resisting an officer without violence contrary to section 843.02, Florida Statutes (1991). The trial court used the Standard Jury Instruction. The instruction was given correctly with respect to the three elements of the crime,[1] as follows:
Before you can find the defendant guilty of Resisting an Officer Without Violence, the State must prove the following three elements beyond a reasonable doubt:
One, Lester Starks resisted, obstructed or opposed Officers McReynolds and Sergeant McGeehan or Officer Taylor.

*1196 Two, at the time, Officers McReynolds, Taylor and/or Sergeant McGeehan were engaged in the execution of a legal process or the lawful execution of a legal duty.
Three, at the time of the offense, Officers Taylor and McReynolds and/or Sergeant McGeehan were officers.
However, the final two paragraphs of the Standard Jury Instruction read as follows:
The court now instructs you that every (name of official position of victim designated in charge) is an officer within the meaning of this law.
The court further instructs you that (read duty being performed from charge) constitutes [execution of legal process] [lawful execution of a legal duty].
(Emphasis added).
As to the "official position" paragraph, the court instructed the jury:
The Court now instructs you that Officers Taylor, McReynolds, and McGeehan are officers within the meaning of the law.
There was no objection to this instruction. The instruction is incorrect.
The instruction in effect directed the jury to find as a matter of law that an essential element was proved. Whether these particular persons were law enforcement officers at the time the offense occurred was a matter of fact, and that fact constituted an essential element of the offense. In a jury trial it is the sole province of the jury to determine whether the state has proved each essential element beyond a reasonable doubt. The instruction here invaded the fact-finding province of the jury.
It is important to note that the instruction given in this case was a misapplication of a proper standard instruction. The standard instruction requires courts to advise jurors that the official position of the alleged victim  not the actual person alleged to be the victim  is a law enforcement officer. A proper application of the standard instruction, for example, would advise the jury as a matter of law that the position of deputy sheriff is a law enforcement officer within the meaning of the offense charged. That would leave for the jury the factual determination of whether the person alleged to be the victim was a deputy sheriff, and therefore, a law enforcement officer.
Wright v. State, 586 So.2d 1024, 1030-31 (Fla. 1991) (emphasis in original; footnote omitted). The instruction should have given a generic definition of "official position"; the instruction should not have stated that these three officers were officers within the meaning of the law. See Wright, 586 So.2d at 1030-31.[2]
As to the "duty being performed" paragraph, the jury was instructed:
The Court further instructs you that the attempt to stop Mr. Starks constitutes a lawful execution of a legal duty.
This instruction likewise is incorrect. The instruction should have stated, in generic terms, an appropriate definition of "lawful execution of a legal duty." The instruction should not have made reference to Mr. Starks. See Hierro v. State, 608 So.2d 912, 914-15 (Fla. 3d DCA 1992); McBride v. State, 604 So.2d 1291, 1292 (Fla. 3d DCA 1992); Kirschenbaum v. State, 592 So.2d 1272 (Fla. 3d DCA 1992); Stayer v. State, 590 So.2d 25 (Fla. 4th DCA 1991); Dion v. State, 564 So.2d 618 (Fla. 4th DCA 1990).[3]
*1197 When the "duty being performed" jury instruction was discussed at the charge conference, the following transpired:
[Defense counsel]: What are you putting in for that [paragraph of the Standard Jury Instruction]?
The Court: The attempt to stop Mr. Starks.
[Defense counsel]: I'd object to that, Your Honor.
The Court: What phrase should I use? They ordered him to stop, he doesn't. Unless you tell me otherwise, I think that constitutes resisting arrest. He just keeps right on pedaling, I'm not sure it is resisting. I'm going to have to look at the case law.
Unless I hear otherwise, I'm going to leave it the way that it is.
Is that an objection you're putting in?
[Defense counsel]: Yes, Your Honor.
As to the "duty being performed" instruction, the initial question is whether the defendant's objection was sufficient to preserve the point for appellate review. Florida Rule of Criminal Procedure 3.390(d) provides:
No party may raise on appeal the giving or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection. Opportunity shall be given to make the objection out of the presence of the jury.
Construing this rule, the Florida Supreme Court has stated:
[T]he objectives of the contemporaneous objection rule are to "apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal." [Thomas v. State] 419 So.2d 634 at 636 [(Fla. 1982)] (quoting Castor v. State, 365 So.2d 701, 703 (Fla. 1978)). These objectives are accomplished when the record shows clearly and unambiguously that a request was made for a specific instruction and that the trial court clearly understood the request and just as clearly denied the request.
In Hubbard v. State, 411 So.2d 1312 (Fla. 1st DCA 1981), appeal dismissed, 424 So.2d 761 (Fla. 1982), the First District Court of Appeal correctly observed that

[t]he primary thrust of the rule is to insure that the trial judge is made aware that an objection is being made and that the grounds therefor are enunciated. We do not believe that the rule was intended to approve or disapprove a special word formula; we will not exalt form over substance by requiring that counsel use the magic words, "I object," so long as it is clear that the trial judge was fully aware that an objection had been made, that the specific grounds for the objection were presented to the judge, and that the judge was given a clear opportunity to rule upon the objection.

Id. at 1314.
State v. Heathcoat, 442 So.2d 955, 956-57 (Fla. 1983) (emphasis added).
In our view defendant's general objection did not alert the court to the problem with the "duty being performed" part of the instruction which the defendant now argues on appeal. It is evident the judge interpreted the objection as being directed to the descriptive phrase, "the attempt to stop." The defendant had fled on a bicycle despite repeated orders to halt. The court viewed the objection as raising a legal question whether a refusal to halt would, as a matter of law, constitute resisting an officer. Although invited to be more specific, defendant did not advise the court of the argument made on appeal, i.e., that the phraseology of the proposed instruction invaded the province of the jury. We conclude that the objection regarding "duty being performed" was not sufficient to preserve the point for appellate review. Id.; see also Occhicone v. Singletary, 618 So.2d 730 (Fla. 1993); McBride v. State, 604 So.2d at 1292. There was no objection at all to the "official position" instruction; that point likewise is not preserved for appellate review.
Defendant contends that the jury instruction error was fundamental and requires *1198 an automatic reversal, even if the erroneous portions of the jury instruction related to undisputed issues in the case and were therefore harmless. For that proposition defendant relies on Henderson v. State, 155 Fla. 487, 20 So.2d 649 (1945).
The more recent decisions of the Florida Supreme Court run contrary to defendant's position. In Wright v. State, the court noted that for a jury instruction of this general type, the question is "whether the error here constituted fundamental error on the facts presented in this record." 586 So.2d at 1031 n. 9 (emphasis added).[4] The court's statement in Wright follows from its decisions on fundamental error in jury instructions in such cases as State v. Delva, 575 So.2d 643 (Fla. 1991), and Ray v. State, 403 So.2d 956 (Fla. 1981).
In Ray, the court stated:
An accused, as is required of the state, must comply with established rules of procedure designed to assure both fairness and reliability in the ascertainment of guilt and innocence... . "It is well-established law that where the trial judge has extended counsel an opportunity to cure any error, and counsel fails to take advantage of the opportunity, such error, if any, was invited and will not warrant reversal."
403 So.2d at 960 (citations omitted; emphasis added). The opportunity to cure the error with respect to the "duty being performed" was extended in this case but not responded to. There was never an objection with respect to the instruction on the official position of the officers. As pointed out in Ray, "The failure to object is a strong indication that, at the time and under the circumstances, the defendant did not regard the alleged fundamental error as harmful or prejudicial." 403 So.2d at 960.
In the present case there was no material issue regarding the official position of the officers, and the duty being performed. In Delva the court stated, "Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal." 575 So.2d at 645 (citations omitted); accord McPhee v. State, 616 So.2d 483, 484 (Fla. 4th DCA 1993); Morton v. State, 459 So.2d 322 (Fla. 3d DCA 1984), review denied, 467 So.2d 1000 (Fla. 1985); see also State v. Schuck, 573 So.2d 335, 336 (Fla. 1991). The error was not fundamental.
Affirmed.
HUBBART, J., concurs.
FERGUSON, Judge (dissenting).
This case is not at all about a failure to instruct on a non-issue. See, e.g., State v. Delva, 575 So.2d 643 (Fla. 1991); Morton v. State, 459 So.2d 322 (Fla. 3d DCA 1984), rev. denied, 467 So.2d 1000 (Fla. 1985). Neither is it about an absolute failure to object to an improper instruction. See, e.g., Ray v. State, 403 So.2d 956 (Fla. 1981). This case presents a question of the adequacy of an objection to an affirmative misinstruction given the jury. The trial court's instruction, that the officer's attempt to stop the defendant was in the execution of a legal duty, impermissibly relieved the jury of its responsibility to decide whether the victims were officers, acting lawfully, in the performance of a legal duty. See Wimbley v. State, 567 So.2d 560, 561 (Fla. 4th DCA 1990) (it is error for the trial court to instruct the jury that the police were in lawful execution of a legal duty at the time the alleged offense took place).
The "duty to perform" paragraph of the standard instruction provides:
2. At the time (victim) was engaged in the [execution of legal process] [lawful execution of a legal duty].
The parenthetical phrase required the court to fill in the name of the victim and give a description of the alleged duty being performed.
At that point in the charge conference defense counsel inquired of the court: "What are you putting in for [bracketed language]." The court responded: "The attempt to stop Mr. Starks." Defense counsel's objection was directed to that specific response: "I'd object to that, Your Honor." The instruction, *1199 given over that specific objection, virtually directed a verdict of guilt:
The Court further instructs you that the attempt to stop Mr. Starks constitutes a lawful execution of a legal duty.
Indeed, the majority opinion makes no effort to explain what, if anything, was left for the jury to decide.
At the root of this appeal is a less-than-lucid standard instruction. As the majority concedes, the court had uncertainty as to what should be filled in; from the State's stony silence in the record, it too, was apparently bewildered. What the majority says, in a strained effort to distinguish State v. Heathcoat, 442 So.2d 955 (Fla. 1983) and Hubbard v. State, 411 So.2d 1312 (Fla. 1st DCA 1981), is that because the defendant did not, or could not, explain to the court precisely what made the instruction bad, the error was waived. None of the cited cases support that proposition.
The requirement for specificity in objecting has never demanded that a trial attorney, on a moment's notice, articulate the error of the trial court's legal ruling with the thoroughness of an appellate court. It is settled that the purpose of the contemporaneous objection rule is to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal. Castor v. State, 365 So.2d 701 (Fla. 1978). There is no doubt that the objection challenged the legal correctness of the instruction. That is not enough according to the majority holding. It requires defense counsel to tell the court, on request, and at his client's peril, how to instruct the jury. This is probably the first case in the history of American jurisprudence to suggest that the accused in a criminal trial, who objects contemporaneously and specifically to an incorrect instruction on the law, also has the burden to propose the correct instruction. And how will the court treat the motion for ineffective assistance of counsel which is sure to follow this appeal?
Until today, the court was responsible for an erroneous jury instruction unless there was an actual or implied acquiescence by the defendant; likewise, guilt or innocence of an accused on trial for resisting arrest without violence was a determination for the factfinder. The majority opinion effects subtle but profound changes in the law. In my opinion the error was preserved for review and, even if not, reversal is required because the error is fundamental. Ray v. State, 403 So.2d 956, 960 (Fla. 1981) (fundamental error is error which amounts to a denial of due process).
NOTES
[1] The Standard Jury Instruction states the three elements as follows:

1. (Defendant) [resisted] [obstructed] [opposed] (victim).
2. At the time (victim) was engaged in the [execution of legal process] [lawful execution of a legal duty].
3. At the time (victim) was an officer.
[2] The Wright court stated, "Because we reverse all the convictions in this case on other grounds, we need not address whether the error here constituted fundamental error on the facts presented in this record." Id. at 1031 n. 9.
[3] Because we find the point not preserved for appellate review, we need not explore in detail the permissible definitions for this portion of the standard jury instruction. Where there is no dispute as to the lawfulness of the arrest, an abbreviated instruction has been sustained. See McBride v. State, 604 So.2d at 1292 ("`an arrest and detention constitutes [the] lawful execution of a legal duty'"; instruction not objected to); Stayer v. State, 590 So.2d at 26 (arrest pursuant to a warrant is lawful execution of a legal duty; distinguishing arrests based on probable cause). Where there is a disputed issue as to the lawfulness of the arrest, more is required. See Stayer v. State, 590 So.2d at 26; Davis v. State, 381 So.2d 285, 286 (Fla. 1st DCA 1980); see also Scott v. State, 594 So.2d 832 (Fla. 4th DCA 1992). See generally State v. Saunders, 339 So.2d 641, 642 n. 2 (Fla. 1976) (discussing right to resist unlawful arrest without violence); Lee v. State, 368 So.2d 395, 396-97 (Fla. 3d DCA) (majority opinion and Schwartz, J., specially concurring) (same), cert. denied, 378 So.2d 349 (Fla. 1979).
[4] The jury instruction at issue in Wright was the instruction for battery on a law enforcement officer in violation of section 784.07, Florida Statutes (1985). 586 So.2d at 1030.