BROWNING, J.
Mary Lynette Shearer (Appellant) appeals her conviction and sentence for the unlawful excavation of an archaeological site without a permit, a violation of section 267.13(l)(b), Florida Statutes (1997). Appellant contends that the trial court erred, as a matter of law, both by refusing to give a requested special jury instruction relating to an essential element of the charged offense and by ordering her to pay restitution for damages not incurred by Appellee, the State of Florida. Having concluded that the lower tribunal’s failure to give the requested instruction constituted prejudicial error, we reverse the conviction and sentence and remand for a new trial. § 924.051(3), Florida Statutes (1997).
In its amended information, the State alleged that on May 17, 1997, Appellant had “unlawfully, by means of excavation, either conducted an archaeological field investigation on, or removed or attempted to remove, or defaced, destroyed *194 or otherwise altered an archaeological site or specimen located upon Burnt Out Mounds, Aucilla Wildlife Management Area, land owned or controlled by the State, without permit.” The applicable statute under which Appellant was charged states, in pertinent part:
Any person who by means of excavation either conducts archaeological field investigations on, or removes or attempts to remove, or defaces, destroys, or otherwise alters any archaeological site or specimen located upon, any land owned or controlled by the state or within the boundaries of a designated state archaeological landmark or landmark zone, except in the course of activities pursued under the authority of a permit or under procedures relating to accredited institutions granted by the division, commits a felony of the third degree.... The court may also order the defendant to make restitution to the state for damage and the cost of restoring the affected resource as provided in s. 775.089.
§ 267.13(l)(b), Fla. Stat. (1997). A felony of the third degree is punishable “by a term of imprisonment not exceeding 5 years.” § 775.082(3)(d), Florida Statutes (1997). After adjudicating Appellant guilty in accordance with the jury’s verdict, the trial court placed her on 5 years’ probation, imposed 100 hours’ community service, and set restitution in the amount of $35,079.35. The court also required Appellant to spend 10 consecutive weekends in the Jefferson County Jail based essentially on what the court characterized,as her untruthful testimony.
At the end of all the evidence, and without any standard jury instruction on the matter, defense counsel made verbal and written requests for a special instruction indicating that the State had to prove that Appellant had “willfully and knowingly” acted. The State made an objection. The trial court refused to accede to the defense’s request and, instead, informed the jury that before it could find Appellant guilty, the State had to prove only 1) that Appellant, by means of excavation, removed, attempted to remove, defaced, destroyed, or otherwise altered an archaeological site or specimen; 2) that the site was on land owned or controlled by the State; and 3) that Appellant had no permit for field excavation.
A trial court’s ruling on whether or not to give a specially requested jury instruction is reviewed under an “abuse of discretion” standard. See Beatty v. State, 500 So.2d 173, 174 (Fla. 1st DCA 1986). A judgment will not be reversed for failure to give a particular jury charge where, overall, the instructions given are clear, comprehensive, and correct. See Darty v. State, 161 So.2d 864 (Fla. 2d DCA 1964). However, in appropriate circumstances, the failure to instruct the jury that criminal intent, or mens rea, is an essential and indispensable component of the charged crime that must be established, constitutes reversible error. See Chicone v. State, 684 So.2d 736, 745 (Fla.1996) (“A defendant has the right to have a court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence.”); Cohen v. State, 125 So.2d 560 (Fla.1960) (statute prohibiting sale of obscene material required State to prove defendant’s knowledge of obscene nature of material); Gerds v. State, 64 So.2d 915 (Fla.1953); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967).
As “the legislature is vested with the authority to define the elements of a crime, determining whether scienter is an essential element of a statutory crime is a question of legislative intent.” Chicone, 684 So.2d at 741. “The existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence.” Dennis v. United States, 341 U.S. 494, 500, 71 S.Ct. 857, 95 L.Ed. 1137 (1951). Because offenses requiring no mens rea generally are not favored, some indicia of legislative intent — be it express or implied- — -is necessary to eliminate mens rea as an element *195 of a crime. See Staples v. United States, 511 U.S. 600, 605-06, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994).
Appellant asserts, and we agree, that a careful reading of the statute in question discloses no express or implied legislative intent or mandate to omit the requirement of mens rea. Assuming for the sake of argument that the jury instruction given was inadequate, the State contends that any error is harmless beyond a reasonable doubt under State v. DiGuilio, 491 So.2d 1129 (Fla.1986), because the evidence against Appellant is overwhelming and the claim that Appellant lacked mens rea is “simply unsupported by the evidence.” Sochor v. Florida, 504 U.S. 527, 538, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992); Occhicone v. Singletary, 618 So.2d 730, 731 (Fla.1993). In focusing primarily upon the evidence that supports the guilty verdict, the State misconstrues the DiGuilio test. See Long v. State, 494 So.2d 213 (Fla.1986). Furthermore, the record belies the State’s position that the evidence is heavily one-sided in favor of the prosecution.
A witness for the State, Robert Daniels, a wildlife officer with the Florida Game & Fresh Water Fish Commission, provided testimony that contradicts Appellant’s testimonial account of the circumstances that led to her arrest in the Aucilla Wildlife Management Area on property owned or leased by the State and under its control. Daniels claimed that during their initial encounter one week prior to Appellant’s arrest, he had advised her that the area where he observed her was closed to the public and that removing or collecting artifacts from State-controlled lands was unlawful. Testifying on her own behalf at the trial, Appellant admitted having encountered Officer Daniels in the same area a week before her arrest. However, she purported not to have known that it was a restricted area. Appellant testified that she had believed that she and her companion were on private land.
Given these sharply conflicting accounts regarding what was said in the initial encounter and what Appellant knew about the ownership or control over the site, we cannot say beyond a reasonable doubt that the erroneous refusal to give the requested special instruction on a fundamental and necessary element of the crime charged is harmless. See Chicone, 684 So.2d at 745; Mercer v. State, 656 So.2d 555 (Fla. 1st DCA 1995). Were we to accept the State’s arguments in favor of affirmance, the statute could be construed to criminalize some conduct that otherwise is perfectly legal. Absent the instruction on scienter (i.e criminal intent and knowledge), the jury could have found Appellant guilty even without a finding that Appellant knew that she was excavating on “any land owned or controlled by the state or within the boundaries of a designated state archaeological landmark or landmark zone.” The failure to give the instruction under these circumstances reduced the State’s burden of proof on an essential element of the offense charged, virtually eliminated one of Appellant’s chief defenses, and “is tantamount to a denial of a fair and impartial trial.” Chicone, 684 So.2d at 745; see Young v. State, 753 So.2d 725 (Fla. 1st DCA 2000) (reversing and remanding for a new trial, where the standard jury instruction given by the trial court included a prejudicially erroneous definition of the word “maliciously” in a prosecution for aggravated child abuse, thereby permitting the jury to return a guilty verdict without a finding that the appellant actually had ill will, hatred, spite, or an evil intent when she punished her son, and reducing the State’s burden of proof on an essential element of the charged offense).
Given our resolution of this appeal on Appellant’s first issue, we need not discuss the second question of whether the trial court erred in setting restitution in the amount of $35,079.35 based on the eviden-tiary record before it.[1] In the interest of *196 judicial efficiency in any possible future proceedings on this matter in the lower court, however, we note that in oral argument the State conceded that the second issue in the instant case is factually indistinguishable in any material respect from the restitution issue presented in Cochran v. State, 724 So.2d 189 (Fla. 1st DCA 1999), in which we reversed the restitution order pursuant to Glaubius v. State, 688 So.2d 913 (Fla.1997), and remanded with directions to enter an amended order for a substantially reduced amount of restitution.[2]
We REVERSE and REMAND for a new trial, with directions to the trial court to give the requested special jury instruction.
ALLEN and WEBSTER, JJ., CONCUR.

. Assuming merely for the sake of argument that her conviction were to be affirmed, Ap *196 pellant does not dispute the imposition of $1,278.01 of that amount to cover the State’s “emergency assessment” of the site.

. We decided Cochran after Appellant's trial concluded.