980 So.2d 1279 (2008)
Marshall DENNIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3300.
District Court of Appeal of Florida, Fourth District.
May 14, 2008.
*1280 Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, C.J.
Appellant, Marshall Dennis, was charged by information with battery on a law enforcement officer, count I, resisting arrest with violence, count II, and possession of cannabis, count III. Following a jury trial appellant was found guilty as charged. The trial court adjudicated appellant guilty and sentenced him on count I to five years and one day in prison as a prison releasee reoffender (PRR) concurrent with ten years of probation as a habitual violent felony offender. The sentence for count II was stayed and withheld. On count III, the court sentenced appellant to 364 days to be served concurrently with count I.
Appellant finds error in the trial court's jury instruction, PRR designation, and sentence for the crime of battery on a law enforcement officer. We find no error in the jury instruction, but reverse and remand the PRR designation and sentence.
Appellant first urges the trial court erred in instructing the jury that the arresting officer was a law enforcement officer because it relieved the prosecution of its burden of proof on an essential element of the crime of a battery on a law enforcement officer.
The State argues that this issue was not preserved because appellant affirmatively agreed to the instruction and did not object nor does it constitute fundamental error.
Prior to trial, the court was discussing the jury instructions with the parties, and defense counsel acknowledged that "the instructions on battery on law enforcement I reviewed it's fine."
Appellant concedes that this issue was not properly preserved for appellate review but argues that it was fundamental error. Issues involving fundamental error may be raised for the first time on appeal. F.B. v. State, 852 So.2d 226, 227 (Fla.2003). Fundamental error is "error which goes to the foundation of the case or goes to the merits of the cause of action." Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970); Hopkins v. State, 632 So.2d 1372, 1374 (Fla.1994).
Fundamental error in a similar situation was discussed in Starks v. State, 627 So.2d 1194 (Fla. 3d DCA 1993). In Starks, the *1281 defendant appealed an instruction on a charge of resisting an officer without violence, which requires the proof that the victim was an officer. Id. at 1196-97. The trial court instructed the jury as follows: "The Court now instructs you that Officers Taylor, McReynolds, and McGeehan are officers within the meaning of the law." Id. at 1196. There was no objection to this instruction. Id. The appellate court found there was no fundamental error because "there was no material issue regarding the official position of the officers, and the duty being performed." Id. at 1198; see also State v. Delva, 575 So.2d 643, 645 (Fla.1991) ("Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal."). Similarly, in Williams v. State, 614 So.2d 640, 641 (Fla. 2d DCA 1993), the trial court erroneously instructed on the element of the victim's status as a law enforcement officer for a charge of battery on a law enforcement officer without objection. However, the court recognized that there was no dispute at all about the status of the two law enforcement officers who were the victims of the crimes, and as a result, there was no fundamental error. Id.
In this case, there is no record evidence that there was a dispute that the arresting officer was a law enforcement officer. During trial, the officer testified that he was with the Broward Sheriff's Office without objection or it being questioned on cross-examination. We agree and affirm as to this issue.
Appellant next argues that the trial court erred in sentencing him as a PRR for the crime of battery on a law enforcement officer because that offense is not a qualifying offense under the PRR statute as it is not a forcible felony.
The State argues that although battery on a law enforcement officer may not constitute a qualifying offense under the PRR statute, appellant was also convicted of resisting an officer with violence, which is a qualifying offense.
The Florida Supreme Court has recently held in State v. Hearns, 961 So.2d 211, 217-18 (Fla.2007), that battery on a law enforcement officer is not a forcible felony under the violent career criminal statute or the PRR statute. Because battery on a law enforcement officer does not fall under the PRR statute, appellant's enhanced sentence as a PRR must be vacated. The fact that appellant qualified under the PRR statute for a different offense does not eliminate the need to correct an erroneous PRR designation. See Walker v. State, 965 So.2d 1281, 1284 (Fla. 2d DCA 2007).
Finally, appellant argues that he was illegally sentenced to concurrent terms of five years and one day as a PRR and ten years probation as a habitual violent felony offender because he cannot be sentenced to simultaneous prison and probation. The State agrees that appellant's term of probation should run consecutive to his prison term, rather than concurrent as imposed.
Appellant was sentenced under count I, battery on a law enforcement officer, to five years and one day as a PRR and ten years probation as a habitual violent felony offender, with the sentences to run concurrently. The concurrent imposition of incarceration and probation is illegal. Clemons v. State, 629 So.2d 1067, 1068 (Fla. 2d DCA 1994).
Accordingly, we affirm appellant's conviction, but reverse appellant's sentence and remand to the trial court with instructions to strike the PRR designation from appellant's conviction for battery on a law enforcement officer and resentence appellant in accordance with this opinion.
*1282 Affirmed in part; Reversed and Remanded in part.
HAZOURI and DAMOORGIAN, JJ., concur.