DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CYBIL BALLARD GREEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2853

[March 25, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 2017CF002712F.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Following her no contest plea to numerous drug-related charges, the appellant was adjudicated guilty and sentenced to prison and placed on probation. On appeal, she argues that the trial court erred in entering a conviction and sentence on count 43, as her plea did not encompass that count. She seeks resentencing on the remaining counts based on the inclusion of points on the scoresheet for count 43. Finally, she asserts that the trial court relied on impermissible factors in sentencing her. We find no merit in the latter claim, but based on her other claims, we reverse and remand for resentencing.

The state charged the appellant with fifteen offenses, but her written plea of no contest[1] provides that she was pleading "as charged" to fourteen specified offenses. Statements made by the prosecutor and trial court at the change of plea hearing did not make it clear that the appellant's plea encompassed count 43. The state properly concedes error. *See McCraney v. State*, 207 So. 3d 1023, 1023 (Fla. 5th DCA 2017) ("[A] judgment

_____

[1] The appellant pled open to the court.

adjudicating a defendant guilty of an offense to which he or she did not plead constitutes fundamental error."). However, the appellant does not merely seek remand for the trial court to vacate the conviction and sentence for count 43. She seeks resentencing on all counts based on the inclusion of count 43 on the sentencing scoresheet.

The issue for this court is whether the inclusion of count 43 on the scoresheet was harmless. "When a scoresheet error is raised on direct appeal via a rule 3.800(b) motion, courts must apply the 'would-have-been-imposed' test to determine whether a scoresheet error warrants resentencing." *Ray v. State*, 987 So. 2d 155, 156 (Fla. 1st DCA 2008) (citing *Brooks v. State*, 969 So. 2d 238, 241-42 (Fla. 2007)). Here, count 43, sale of cannabis, was included in the scoresheet as an additional offense and was assessed 2.4 points. The scoresheet points totaled 105.04, with a minimum permissible sentence of 58.05 months. During sentencing, the trial court confirmed the accuracy of the scoresheet and confirmed that it considered the scoresheet as a factor in sentencing.

The state asserts that any error is harmless, and it points out that the lowest permissible sentence was increased by less than two months and that the trial court's sentence was well above the minimum permissible sentence. But we have previously rejected this type of argument. *See Chambers v. State*, 217 So. 3d 210, 213-14 (Fla. 4th DCA 2017). While it may be likely that the trial court's sentence would be the same even with a corrected scoresheet, the state has not established this conclusively, especially where the trial court stated that it relied in part on the scoresheet in sentencing. Additionally, it appears resentencing will be necessary where remaining sentences are to begin running after the completion of the sentence for count 43, which will be vacated on remand.

The appellant also argues that the trial court erred in sentencing her to prison and probation terms that run concurrently. *See Dennis v. State*, 980 So. 2d 1279, 1281 (Fla. 4th DCA 2008) (recognizing that "concurrent imposition of incarceration and probation is illegal"). This is based on the sentence structure, which results in the probation sentence for count 43 running concurrent with the prison sentence on count 33. Based on our conclusion that the conviction and sentence for count 43 must be vacated, this issue is moot.

Based on the foregoing, we affirm in part, reverse in part, and remand for the trial court to vacate the conviction and sentence for count 43 and to resentence the appellant on the remaining counts.

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN, CONNER and KUNTZ, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***