PER CURIAM.
The defendant has appealed the judgment of conviction for resisting arrest without violence, a violation of section 843.02, Florida Statutes (1987).
The arresting officer was on routine patrol when he observed Smith and two companions waving at cars from a street corner in an area known for drug activity in Fort Lauderdale. The officer asked Smith and his companions for identification and ran a check on them through the police radio dispatcher. The radio check turned up an active capias for unlawful assemblage on Smith and pursuant to this information, Smith was arrested. As a result of resisting the arrest, he was charged with a violation of section 843.01, Florida Statutes, resisting arrest with violence. At the conclusion of the trial, the court determined that the evidence would support a conviction of a misdemeanor for resisting arrest without violence under section 843.02, Florida Statutes (1987).
Under section 843.02 the proof of the legality of an arrest is an essential element of the crime and the prosecution has the burden of establishing this element. Lee v. State, 368 So.2d 395 (Fla. 3d DCA 1979).
Here the record is devoid of competent proof that the capias for unlawful assemblage was legally valid at the time of Smith’s arrest. Without such proof, the state did not establish that the arrest was lawfully made and therefore failed to prove an essential element of the crime for which Smith was convicted. Because the state failed to carry its burden of proving every essential element of the crime charged, Purifoy v. State, 359 So.2d 446 (Fla.1978); Kilbee v. State, 53 So.2d 533 (Fla.1951), the conviction for resisting arrest without violence must be reversed. Lee v. State; Dean v. State, 466 So.2d 1216 (Fla. 4th DCA 1985).
REVERSED.
WALDEN, GUNTHER and WARNER, JJ., concur.