NESBITT, Senior Judge.
K.E.A. challenges his adjudication of delinquency for the offense of disorderly conduct. He maintains that the evidence in *411 this case was insufficient to support the adjudication. We agree.
When a witness testifies that he or she has no present recollection or memory of a fact, counsel may show the witness a writing or other object in an attempt to refresh the witness’ recollection. If, after seeing the document or object, the witness’ memory is jogged so that the witness has a present recollection of the fact, the witness may testify to the fact from his or her present memory. However, if the witness does not have a present recollection of the fact, the witness may not testify to the fact. It is the witness’ testimony as to the substance of his recollection which constitutes the evidence, when a writing revives present recollection. See Charles W. Ehrhardt, Florida Evidence § 613.1, at 527 (2000 ed.); see also § 90.613, Fla. Stat. (1999); Garrett v. Morris Kirschman & Co., 336 So.2d 566, 569 (Fla.1976).
In the instant case, the State’s sole witness at the juvenile’s adjudicatory hearing was Miami Beach Police Officer Reinaldo Casas. Officer Casas testified that at 1:30 a.m. on the date in question, he was working an off duty detail for a club on Washington Avenue. He did not initially remember the arrest. The State showed the officer a picture of K.E.A. attached to an arrest form. The officer then testified as follows:
Basically, I advised him several times to move away from the traffic lane. Í guess he was stopping traffic that was going northbound on Washington Avenue. At one time, I believe several times, I told him to step away. He didn’t. At one time, I believe, he might have gotten into an altercation with a motorist. That was basically — that was basically it.
The officer claimed the juvenile was cursing and trying to pick a fight with one of the motorists. On cross examination, however, the officer testified:
[BY DEFENSE ATTORNEY]: Now, You don’t remember what my client was screaming?
[OFFICER CASAS]: No.
Q. Okay. You don’t remember what he was cursing?
A. No.
Q. You don’t remember how he was blocking traffic?
A. I remember the whole night.
Q. Okay. You don’t remember if he hit a motorist?
A. I wrote down that he threw a couple of punches at a motorist.
Q. You have no memory of that?
A. No.
Q. You have no memory of him approaching a motorist?
A. No.
Q. Or approaching a vehicle?
A. I would imagine a vehicle. He probably did approach a vehicle, but no, I don’t remember that.
Q. And it’s safe to say that you have no memory as to how he was blocking traffic that day?
A. Correct.
Q. Okay. And you have no memory of how — of the fact that traffic was blocked either?
A. Correct.
Thus, the officer’s memory was never jogged. He admitted that he did not remember the juvenile cursing or whether the juvenile blocked traffic or threw any punches at passing motorists or their vehicles. Therefore, the officer’s memory was not refreshed, and his testimony could not form the basis of the juvenile’s adjudication of delinquency. Moreover, the State never offered to read the officer’s arrest form as past recollection recorded, under *412 section 90.803(5), Florida Statutes (1999), an exception to the hearsay rule.[1] See Morton v. State, 689 So.2d 259, 265 at n. 5 (Fla.1997), overruled on other grounds, Rodriguez v. State, 753 So.2d 29 (Fla.2000).
Competent, substantial evidence is defined as “ ‘such evidence as will establish a substantial basis of fact from which the fact at issue can reasonably be inferred. G.C. and D.C. v. Department of Children and Families, 791 So.2d 17 (Fla. 5th DCA 2001)(quoting Duval Utility Co. v. Florida Public Service Commission, 380 So.2d 1028, 1031 (Fla.1980)). Here, the officer’s testimony, standing alone and limited as it was, was insufficient as a matter of law to support the adjudication at issue. The testimony was incompetent as refreshed recollection, and the arrest form was never offered nor did it qualify as past recollection recorded.[2] Thus, the state failed to carry its burden of proving every essential element of the crime charged. See Purifoy v. State, 359 So.2d 446 (Fla.1978); Kilbee v. State, 53 So.2d 533 (Fla.1951); see also Smith v. State, 546 So.2d 459 (Fla. 4th DCA 1989).
Accordingly, the adjudication of delinquency is reversed.

. Section 90.803(5), provides:
Recorded recollection. — A memorandum or record concerning a matter about which a witness once had knowledge, but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made by the witness when the matter was fresh in the witness’s memory and to reflect that knowledge correctly. A party may read into evidence a memorandum or record when it is admitted, but no such memorandum or record is admissible as an exhibit unless offered by an adverse party.

. Even if the State had offered the evidence as past recollection recorded, the State failed to lay the predicate to qualify the evidence under that section.