PER CURIAM.
The defendant, Dwayne A. Jackson, appeals from his judgment of conviction and sentence for burglary of an occupied dwelling. We reverse and remand for further proceedings.
After the defense announced that it would not present a case, the trial court ruled that the defendant could be impeached with his prior felony convictions pursuant to section 90.806, Florida Statutes. Immediately thereafter, defense counsel moved to reopen the case. He attempted to explain to the trial court that the defendant’s initial decision not to testify was based on his desire that the jury not learn of his prior convictions but that now that the jury would learn of his prior convictions, his reason for not testifying was moot. The trial court denied the motion to reopen the case stating, “We’re going to finish it my way today. The answer is no.” Defense counsel’s motion for mistrial was denied, and the jury ultimately learned that the defendant had been convicted of numerous felonies.
The defendant contends that the trial court abused its discretion by not allowing him to reopen his case. We agree.
A trial court’s decision to reopen a case lies within its sound discretion and will not be disturbed on appeal absent an abuse of discretion. See Donaldson v. State, 722 So.2d 177, 181 (Fla.1998); Biggs v. State, 745 So.2d 1051, 1053 (Fla. 3d DCA 1999). In Donaldson, the Florida Supreme Court explained the circumstances where the denial of a defendant’s motion to reopen his case would be subject to reversal on appeal. The Court held:
Where the case is not technically closed (i.e., counsel have not begun closing argument and the case has not been submitted to the jury), the denial of a defendant’s motion to reopen the case will be reversed if the motion was timely and a proper showing has been made as to why the evidence was omitted.
Donaldson, 722 So.2d at 181 (citations omitted).
In applying the test set forth in Donaldson, it is clear that the trial court abused its discretion in denying the defendant’s motion to reopen his case. First, the case was not “technically closed” because closing argument had not yet begun. Second, the motion was timely because defense counsel moved to reopen the case immediately after the trial court ruled that the defendant’s prior convictions were admissible. Finally, defense counsel made a proper showing as to why the evidence had been omitted when he explained to the trial court why the defendant had initially decided not to testify.[1]
As a result of our disposition of the above issue, we do not address the remaining points raised by the defendant.
Reversed and remand for further proceedings.

. We recognize that trial courts are confronted with heavy case loads and that they strive for the expeditious resolution of matters; however, we would like to note, that a trial court's decision to deny a motion to reopen a case should not be based on its desire to "finish . . . it today.”