GUNTHER, J.
R.G. was charged with grand theft and burglary of a structure. He was acquitted on the charge of grand theft but found guilty of burglary of a structure. Adjudication was withheld and R.G. was placed on probation. R.G. now appeals his adjudication on the charge of burglary of a structure. Because we find that R.G.’s adjudication was not supported by the evidence, we reverse and remand.
R.G.’s charge of burglary of a structure arose out of an incident that occurred one night at the Bonaventure Country Club. At trial, testimony was introduced that R.G. and four others jumped a fence at the club and went into a maintenance area. The group started riding the golf carts that were stored there. The group then rammed the front fence causing it to fall and rode over the fence, taking the carts onto the golf course.
R.G. appeals, arguing that insufficient evidence was presented that he entered a structure. This court reviews a claim of insufficiency of the evidence to determine if there was competent and substantial evidence to support the finding of guilt. See Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981).
Section 810.011, Florida Statutes (2002), defines a structure as “a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof.” Here, the State failed to present any evidence that R.G. entered a building or the curtilage of a building when taking the carts. Thus, the State failed to carry its burden as to an essential element of the crime charged, which was that R.G. entered a structure. See Davis v. State, 736 So.2d 27, 28 (Fla. 4th DCA 1999) (stating that entrance into a structure is an essential element of burglary); K.E.A. v. State, 802 So.2d 410, 412 (Fla. 3d DCA 2001) (stating that “the state failed to carry its burden of proving every essential element of the crime charged”). Because insufficient evidence was presented as to this essential element, R.G. should be discharged. See Tibbs, 397 So.2d at 1122, 1127. Accordingly, we reverse and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
FARMER, C.J., and GROSS, J., concur.