40 So.3d 782 (2010)
D.W., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D09-1422.
District Court of Appeal of Florida, Third District.
June 23, 2010.
Carlos J. Martinez, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Forrest L. Andrews, Jr., Assistant Attorney General, for appellee.
Before COPE, SUAREZ and SALTER, JJ.
COPE, J.
The question in this juvenile delinquency appeal is whether D.W. was entitled to a *783 judgment of dismissal. Under the circumstances of this case, we conclude that the answer is no.
D.W. was charged with a single count of resisting an officer without violence in violation of section 843.02, Florida Statutes (2008). A City of Miami police officer was on duty in uniform at a park where a football game was taking place. The officer knew D.W. and knew that there was a pickup order outstanding. He saw D.W. and radioed other officers to set up a perimeter.
One or more officers approached D.W. and told him to stop. He ran away and jumped over a fence. After a foot chase, the officers eventually apprehended D.W. As stated, D.W. was then charged with resisting an officer without violence.
At trial the State presented the testimony of two of the police officers. The State rested. D.W. moved for a judgment of dismissal, arguing that the State had failed to prove the lawful execution of a legal duty because the State failed to introduce the pickup order into evidence.
The trial judge initially opined that the State would have to introduce the pickup order into evidence, or ask for judicial notice that it was in the court file. The judge looked through the court file for the pending case, and told the parties that there was no pickup order contained therein.
The State argued that a pickup order confers sufficient authority on a police officer to arrest the individual that is the subject of the order. The State contended that the proof was legally sufficient because the officer testified that he knew a pickup order existed and took D.W. into custody on that basis. The trial court agreed and denied the motion for judgment of dismissal.
We first address the question whether the pickup order should have been introduced into evidence. The State charged D.W. with a crime: resisting an arrest without violence, a first-degree misdemeanor, in violation of section 843.02, Florida Statutes. The crime is committed where a person resists a law enforcement officer ". . . in the lawful execution of any legal duty, without offering or doing violence to the person of the officer. . . ." Id.
In this case the State alleged that the "lawful execution of . . . [a] legal duty" was the arrest of D.W. pursuant to a pickup order. Where that is the State's theory, case law requires the State to introduce the pickup order into evidence. D.A. v. State, 636 So.2d 863, 864 (Fla. 3d DCA 1994) (citing Smith v. State, 546 So.2d 459 (Fla. 4th DCA 1989)). The purpose of the rule is to establish that there was a legally valid order on the date of the arrest. D.A., 636 So.2d at 864 ("The officers' testimony that the appellant was arrested under a valid pickup order, without the order itself introduced into evidence, was not competent proof that the order was indeed legally valid."). Based on the D.A. and Smith cases, D.W.'s motion for judgment of dismissal was well taken.[1] However, as already stated, the court denied the motion for judgment of dismissal.
While D.W. was testifying in the defense case, the trial judge informed the parties that he needed to correct his earlier statement *784 that there was no pickup order in the file. The judge had located the pickup order which was in the court file of another of D.W.'s pending juvenile cases.[2] The judge stated that the pickup order showed it was in effect at the time the resisting incident took place. The State asked the court to reopen its case and for the court to take judicial notice of the pickup order. D.W. objected that the request came too late. As we interpret the transcript, the court overruled the objection and took judicial notice of the pickup order.[3]
D.W. acknowledges that the reopening of a case for additional evidence is a matter for the trial court's discretion. Donaldson v. State, 722 So.2d 177, 181-82 (Fla.1998). The Florida Supreme Court has said that a case "is not technically closed . . . [where] counsel have not begun closing argument and the case has not been submitted to the jury. . . ." Id. at 181. "Where . . . the case is technically not closed and the ends of justice may best be served by the admission of crucial evidence, it is an abuse of the trial court's discretion to deny the introduction of such evidence." State v. Ellis, 491 So.2d 1296, 1297 (Fla. 3d DCA 1986); see also Jackson v. State, 832 So.2d 885, 886 (Fla. 3d DCA 2002). The additional evidence in this case (in the form of judicial notice) was properly admitted.
D.W. also suggests that the trial court unintentionally gave an appearance of partiality by locating the pickup order and advising the parties of its existence. The court initially, however, advised the parties of the absence of the pickup order in the resisting case, a fact which was helpful to the defense. Only later did the court correct itself after locating the pickup order in the companion file, No. 07-5453. These facts are significantly different from those in the cases on which the defendant relies, such as Lyles v. State, 742 So.2d 842 (Fla. 2d DCA 1999) (court sua sponte ordered the defendant's fingerprints taken for purposes of identification).
Affirmed.
NOTES
[1] There was a good deal of discussion below about whether the arrest was illegal for Fourth Amendment purposes. See Herring v. United States, ___ U.S. ___, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009). That is a different issue. No one contended that there was a Fourth Amendment violation when the officers took D.W. into custody. The only question involved here is what evidence is required to prove a violation of section 843.02 when the defendant is charged with resisting an arrest based on a pickup order.
[2] D.W. had two cases scheduled for trial, the resisting case (circuit court case number 08-5450), and a prosecution for reckless driving causing serious bodily injury (circuit court case number 07-5453). The resisting case was the first case to be tried. At the conclusion of the resisting case, the companion case was to be tried.
[3] At the conclusion of the case, the court said, in part, "I think that I had a perfect right to correct myself to establish that there was, in fact [a pickup order]."