# Third District Court of Appeal
## State of Florida

Opinion filed July 28, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0107
Lower Tribunal Nos. 20-0086 AP & 12-5879 CC
_____

**United Automobile Insurance Company**,
Appellant,

vs.

**NB Sports Massage and Rehab Corp.,
a/a/o Daisy DePaula**,
Appellee.


An Appeal from the County Court for Miami-Dade County, Lawrence D. King, Judge.

Michael J. Neimand, for appellant.

Corredor & Husseini, P.A., and Maria E. Corredor; David B. Pakula, P.A., and David B. Pakula (Pembroke Pines), for appellee.


Before LOGUE, SCALES, and LINDSEY, JJ.

LINDSEY, J.

United Automobile Insurance Company appeals a final judgment entered after the county court directed a verdict in favor of NB Sports Massage and Rehab Corp. for $1500.62 in benefits and $646.98 in interest.[1]  Because the lower court did not permit United to lay a foundation for the past recollection recorded hearsay exception, we reverse and remand for further proceedings consistent with this opinion.

This appeal arises out of a claim for medical services under a personal injury protection ("PIP") policy of insurance, following an automobile accident.  NB Sports, as assignee of Daisy DePaula, the insured, sued United for breach of contract for PIP benefits.  The sole issue below was whether the services NB Sports rendered to the insured after the Independent Medical Examination ("IME") cutoff date were related to the subject accident and medically necessary.[2]

On the day of trial, NB Sports moved to prevent United from reading the deposition testimony of its medical expert, Dr. Michael Weinreb, who

---

[1] This circuit court appeal was transferred to this Court in January 2021.  See Chapter 20-61, section 3, Laws of Florida (amending section 26.012(1) and repealing section 924.08 to remove circuit court jurisdiction over the majority of the appeals of county court orders or judgments and vesting jurisdiction of those appeals in the district courts of appeal).  Thus, we have jurisdiction.

[2]  To be entitled to benefits under a PIP policy of insurance, it must be shown that the charges billed are reasonable, related, and medically necessary. See § 627.736, Fla. Stat. (2020).

conducted the IME. NB Sports argued that Dr. Weinreb's deposition testimony, which read directly from the IME report, was inadmissible because Dr. Weinreb did not remember the contents of the report, and the report did not refresh his recollection.[3] NB Sports did not object to Dr. Weinreb testifying at trial and suggested that he could testify regarding the contents of the IME report if a proper foundation were laid. United argued that although the IME report was hearsay, it was admissible as a past recollection recorded. See § 90.803(5), Fla. Stat. (2020).[4]

---

[3] As this Court explained in K.E.A. v. State, 802 So. 2d 410, 411 (Fla. 3d DCA 2001):

> When a witness testifies that he or she has no present recollection or memory of a fact, counsel may show the witness a writing or other object in an attempt to refresh the witness' recollection. If, after seeing the document or object, the witness' memory is jogged so that the witness has a present recollection of the fact, the witness may testify to the fact from his or her present memory. However, if the witness does not have a present recollection of the fact, the witness may not testify to the fact. It is the witness' testimony as to the substance of his recollection which constitutes the evidence, when a writing revives present recollection.

[4] "The practice of refreshing the recollection of the witness must be distinguished from past recollection recorded. When a witness's recollection is refreshed by the use of a document or other item, the witness is testifying from his or her own present memory and not the document. It is not necessary in that situation to comply with section 90.803(5)." Charles W. Ehrhardt, 1 Fla. Prac., Evidence § 803.5 (2021 ed.).

3

The lower court granted NB Sports' motion to preclude Dr. Weinreb's deposition testimony, finding that the IME report did not refresh Dr. Weinreb's recollection and that an insufficient foundation had been laid to satisfy the past recollection recorded hearsay exception. The court reserved ruling on whether Dr. Weinreb could provide live witness testimony but stated that the live testimony would have to meet the requirements for the past recollection recorded hearsay exception.

At trial, NB Sports' medical expert, Dr. Kevin Woods, testified that the treatment was reasonable, related, and necessary. After NB Sports rested, United sought to call Dr. Weinreb as a live witness to lay a proper foundation for the IME report under the past recollection recorded exception to the hearsay rule. Although NB Sports acknowledged that a proper foundation might be laid for Dr. Weinreb to read the contents of the IME report, it argued that it would be improper for Dr. Weinreb to take the stand because portions of the IME report contained statements from the insured and were therefore double hearsay. The lower court agreed with NB Sports, concluding that the IME report is "a hearsay document, nothing changes that."

United then sought to voir dire Dr. Weinreb to lay the required foundation to allow him to read his report pursuant to the past recorded recollection exception to the hearsay rule. The lower court denied this

4

request. Since United had no other witnesses to call in rebuttal to NB Sports' case in chief, the court directed a verdict in favor of NB Sports. The lower court then entered a final judgment, and United timely appealed.

A trial court's decision to admit evidence is reviewed under the abuse of discretion standard; however, that discretion is limited by the rules of evidence. Hudson v. State, 992 So. 2d 96, 107 (Fla. 2008), as revised on denial of reh'g (Sept. 25, 2008) (citations omitted). United argues that the lower court abused its discretion when it completely precluded Dr. Weinreb from testifying. We agree.

NB Sports initially objected to the introduction of Dr. Weinreb's deposition testimony because his recollection was not refreshed after seeing the IME report. See Ehrhardt, supra, at § 613.1 ("[I]f the witness does not have a present memory of the fact after seeing the document, the witness may not testify to the fact."). It is undisputed that Dr. Weinreb's memory was not refreshed. However, testimony regarding the IME report may be admissible on another independent ground, specifically, the past recollection recorded hearsay exception. See Garrett v. Morris Kirschman & Co., Inc., 336 So. 2d 566, 569 (Fla. 1976) ("A writing may serve to jog a witness' memory and also be admissible on some independent ground.").

Section 90.803(5) sets forth the requirements for the past recollection recorded hearsay exception:

> **(5) Recorded recollection**.--A memorandum or record concerning a matter about which a witness once had knowledge, but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made by the witness when the matter was fresh in the witness's memory and to reflect that knowledge correctly. A party may read into evidence a memorandum or record when it is admitted, but no such memorandum or record is admissible as an exhibit unless offered by an adverse party.

These requirements are usually established through the testimony of the witness who made the prior record.  See Polite v. State, 116 So. 3d 270, 275 (Fla. 2013); see also Ehrhardt, supra, at § 803.5.  Here, however, the lower court never permitted Dr. Weinreb to testify.  We hold that this was error.  United should have been allowed to lay a proper foundation pursuant to section 90.803(5).[5]  As such, we reverse and remand for further proceedings.

Reversed and remanded.

---

[5] To the extent the IME report contains double hearsay, United should have been allowed to lay a proper foundation under other exceptions to the hearsay rule.  See § 90.805 ("Hearsay within hearsay is not excluded under s. 90.802, provided each part of the combined statements conforms with an exception to the hearsay rule as provided in s. 90.803 or s. 90.804.").

6